GEORGE A. THRUSTON *vs.* FREDERICK MINKE and JACOB HUMBIRD.

*Condition in a Lease in restraint of Building, construed — Covenant not running with the Land — Easement — How and for whom, condition in a Lease in restraint of Building, enforced in Equity.*

T and M were seized in fee as tenants in common of a lot of ground situate at the north-west corner of Baltimore and George streets in the town of Cumberland. T owning one undivided fourth and M three undivided fourths thereof. The lot was improved by a three story brick building, known and occupied as the "St. Nicholas Hotel." A part of the lot fronting on Baltimore street was vacant or unimproved. On the 24th of October, 1867, T leased to M for the term of ninety-nine years renewable forever, his undivided fourth interest in a portion of the vacant or unimproved part of the lot, commencing at the westerly wall of the hotel and binding thereon. By the lease the privilege was given to the lessee, his representatives and assigns to use so much of the westerly wall of the hotel building as bound along the first line of the property demised, as a party wall to the height of the third story floor of the hotel building only; "provided, however, and the lease was on the condition, that the lessee and his assigns, should not at any time thereafter erect, build or construct on the part of the lot demised, which fronted eleven feet on Baltimore street, next to the hotel building, and ran back —— feet in the depth, any building or tenement, any portion or part of which should be higher than the then level of the third story floor of the hotel building; and provided further, that in using such part of the westerly wall of the hotel building, as a party wall, the lessee and his assigns should not weaken or materially injure or affect the same." On the 30th of October, 1867, T together with his wife sold and conveyed to C, his heirs and assigns, in fee, his undivided fourth part of the parcel of ground so demised to M, subject, however, to the said lease and to all and singular the covenants and conditions therein. The express object of the condition in the lease, as alleged in the bill of complaint of T, was to protect the hotel fully, by preserving the free light and ventilation of the west end of the third story of the main hotel building. The bill charged that M, the lessee, had directly violated and broken the condition in the lease, and was then erecting a brick building to a height several feet above the roof of the main hotel building, and that the effect of such violation of the condition of the lease, was to shut out and obstruct the light and ventilation from the hall of the third story of the hotel, and greatly to

injure and impair the value of the same and of the complainaut's interest therein. The bill prayed an injunction and a removal of the building. The injunction was issued. M answered admitting the lease and the erection of the new building, but denied that any injury was produced by it. After hearing the injunction was dissolved. On appeal, HELD:

1st. That the condition in the lease, was in its nature an independent covenant or condition made with the lessor as owner of the hotel property, for its benefit and protection, and was not in any respect intended for the benefit of the lessor as owner of the reversion in the property leased.

2d. That it was not a covenant running with the land demised, and did not pass to the assignee of the reversion.

3d. That the effect of the condition was to create a right or interest in the nature of an incorporeal hereditament or easement, appurtenant to the contiguous hotel property, and arising out of the parcel of land demised.

4th. That the lessor as part owner of the hotel property is entitled to the benefit of the condition in the lease, and it did not pass to his assignee of the reversion.

5th. That an action at law would not afford adequate pecuniary compensation for the damage and injury done by the violation of the condition in the lease, in obstructing the light and ventilation of the third story of the hotel, and the lessor is therefore entitled to relief by injunction.

APPEAL from the Circuit Court for Allegany County, in Equity.

The case is stated in the opinion of the Court. The appellee, Humbird, was made a party defendant, as being the mortgagee of the appellant for his undivided fourth part of the ground on which the hotel was erected, with other parts of the whole property, not demised to the appellee, Minke. Humbird never appeared.

The cause was argued before BARTOL, C. J., STEWART, BRENT, MAULSBY, GRASON, ALVEY and ROBINSON, J.

*George A. Thruston,* for the appellant.

The appellant and his heirs, regarding the condition in the lease as a condition solely, can alone enforce the remedy for

Thruston *vs* Minke and Humbird.

breach of it against the leasehold estate in the land of the tenant and of his assigns. And it does not pass to or vest in Campbell, even if the conveyance to him had not been expressly subject to its conditions. *Taylor's Land. and Ten.*, secs. 277, 280, 288, 293, 295; 4 *Kent's Comm.*, 126.

The condition itself is an implied agreement between the parties to the lease, which can be enforced between them as such. It was a penalty restraining the injury of other property. *Smith on Land. and Ten.*, 362, 363, (*side*, 281.)

The injury of the interest of one tenant in common, arising from acts done by another, not on and of the joint estate, but on the sole property of the one, and to and against the interest of the other in the joint estate, will be prevented by Courts of Equity, by injunction, where such acts are not within the usual legitimate exercise of the right of enjoyment of the estate held in common, and not done on or in the joint property. *Story's Eq. Jur.*, sec. 916; *Hawley vs. Clowes*, 2 *Johns. Chy. Rep.*, 122.

Where the injury is irreparable, particularly if not capable of perfect ascertainment of damages in money by an action at law, the Court will interfere, even in a trespass by a stranger. If the appellant had sued at law, and permitted the appellee to finish the building, the right to keep the light and ventilation unobstructed by insisting on the condition would have been irretrievably lost, and this where there is not only privity of title, but an absolute reservation and deed for it. It is not such as can be compensated in money. Here the right and title of the party claiming the injunction is not only clear, but fixed in the most solemn way known to the law. *Amelung, et al. vs. Seekamp*, 9 *G. & J.*, 472.

The condition is part of the inheritance of the appellant's interest in the *hotel property*. *Jerome, et al. vs. Ross*, 7 *Johns. Chy. Rep.*, 315, (336.)

Where there is privity of title, it is not necessary to shew irreparable mischief. *George's Creek Co. vs. Detmold*, 1 *Md. Ch. Dec.*, 372.

There is privity of title between the parties, notwithstanding the conveyance of the reversion to Campbell; and the estate of the latter is only affected as he has expressly, knowingly and intentionally acquired it.

The very condition on which the lessee holds his title to the leasehold makes a direct privity of title; and his deed of agreement distinguishes from all cases quoted of trespass, waste, &c.

The appellant is not bound to show any injury at all except the violation of the agreement itself.

*J. H. Gordon,* for the appellee, Minke.

The bill does not present a case for an injunction. If it be a bill to prevent a trespass, it must show that the injury to be prevented would be irreparable and not capable of compensation in damages. *Amelung vs. Seekamp,* 9 *G. & J.,* 472, 473, &c.; *White vs. Flannigan,* 1 *Md.,* 543; *Canal Co. vs. Young,* 3 *Md.,* 489; *Cherry vs. Stein, et al.,* 11 *Md.,* 1; *Geo. Creek Co. vs. Detmold,* 1 *Md. Ch. Dec.,* 371; *Jerome vs. Ross,* 7 *John. Ch. Rep.,* 315; 2 *Story's Eq., sec.* 925; *Hilliard on Injunctions,* 279, 280, 281.

The bill must also state the facts that would make it appear to the Court that the injury would be irreparable, and not merely say so in general words. *Carlisle vs. Stevenson,* 3 *Md. Ch. Dec.,* 499; *Ches. and Ohio Canal Co. vs. Young,* 3 *Md.,* 489; *Amelung vs. Seekamp,* 9 *G. & J.,* 474; 2 *Story's Eq., sec.* 925; *Attor'y Gen'l vs. Nicholl,* 16 *Vesey,* 338; *Hilliard on Injunc.,* 270, 271; *Green vs. Keen,* 4 *Md.,* 98.

This is not a case to prevent a multiplicity of suits; there is only one party to sue. *Jerome vs. Ross,* 7 *John. Ch. Rep.,* 323, 324; *Hilliard on Injunc.,* 280.

The appellant stood by without objection, and thereby gave an implied assent. *Hilliard on Injunc.,* 24, *sec.* 43; *Binney's Case,* 2 *Bland,* 99, 104, 120; 10 *Vesey,* 165, 166; *Birm. Canal Co. vs. Lloyd,* 18 *Vesey,* 515.

Injunction is not a proper remedy between tenants in common. The parties being tenants in common of the hotel pro-

perty, nothing but a destruction of the property by one of them would justify an injunction. *Twort vs. Twort,* 16 *Vesey,* 130, 131; *Hale vs. Thomas,* 7 *Vesey,* 589; 2 *Story's Eq.,* sec. 916; *Hawley vs. Clowes,* 2 *John. Ch. Rep.,* 122; *Hilliard on Injunc.,* 372, 373, sec. 31; 3 *Brown,* 119.

There was a sufficient remedy at law. *Hilliard on Injunc., ch.* 1, *secs.* 23, 29; *ch.* 10, *secs.* 1, 2.

The answer is conclusive, unless disproved. And the evidence does not disprove it. *Gelston vs. Rullman,* 15 *Md.,* 260, 267.

The appellant conveyed away all his right to Campbell before bill filed, and therefore had no right to injunction.

BARTOL, C. J., delivered the opinion of the Court.

It appears from the record, that before the 24th day of October, 1867, the appellant and Frederick Minke, (the appellee,) were seized in fee as tenants in common, of a lot of ground in the town of Cumberland, on the north-west corner of Baltimore and George streets; the appellant owning one fourth, and Minke three-fourths thereof. The lot was improved by a three story building known and occupied as "St. Nicholas Hotel." The building was situated on the corner of the streets mentioned, leaving on the west thereof, a part of the lot fronting on Baltimore street, vacant or unimproved.

On the 24th day of October, 1867, the appellant leased to Minke, for the term of ninety-nine years, renewable forever, his undivided fourth part of a portion of the vacant or unimproved part of the lot; commencing at the westerly wall of the hotel and binding thereon; the parcel so leased is described in the lease, and need not be more particularly noticed here.

After describing the parcel demised, the lease contains, among others, the following provisions:

"With the privilege to said lessee, his representatives and assigns to use so much of said westerly wall of said hotel building, as binds along the first line of the property hereby

demised, as a party wall, to *the height of the third-story floor of said hotel building only; provided, however, and this lease is on this condition, that said lessee and his assigns shall not at any time hereafter erect, build or construct, on the part of the lot hereby demised, which fronts eleven feet on Baltimore street next to said hotel building, and runs back —— feet in the depth, any building or tenement, any portion or part of which shall be higher than the present level of said third story* floor of said hotel building; and provided further, that in using such part of said westerly wall of said hotel building as a party wall as aforesaid, the said lessee and his assigns shall not weaken or materially injure or affect the same."

The bill of complaint filed by the appellant states that the above conditions were put in the lease "for the express purpose of preventing Minke, or his assigns, from shutting up, or excluding the light from the west window in the third story hall of the main hotel building, and other windows on the west side of said hotel building, in the third story, and also to prevent Minke from building any tenement or house higher than the third story floor of said hotel building, for the space of eleven feet westerly therefrom."

And the bill charges "that Minke has directly violated and broken said condition."

That "said Minke, without any agreement on the part of the complainant, or waiver or release of said condition, and in opposition to the repeated remonstrances of the complainant, is now proceeding to erect and construct a building, and is actually constructing the same of brick, to a height several feet above the roof of the main hotel building, and shutting up the whole space of eleven feet in width on Baltimore street, for the whole depth of thirty-two and a quarter feet; by occupying the whole thereof with such building."

The bill further charges that Minke is proceeding to construct a large wooden cornice on and against the westerly wall of the hotel building, at and near the front thereof, on Baltimore street, and putting the same far over and above the roof

of the main hotel building, thereby, as alleged, increasing the danger to the same in case of fire. And the effect of such violation of the conditions of the lease is alleged to be to shut out and obstruct the light and ventilation from the hall of the third story of the hotel, and greatly to injure and impair the value of the same and of the complainant's interest therein.

An injunction was issued to prevent and restrain Minke from proceeding with the construction of the proposed building, contrary to, and in violation of the covenant and conditions contained in the lease.

The appellee, Minke, answered the bill, and proof was taken, and the Circuit Court, on hearing the cause upon the pleading and proofs, passed an order dissolving the injunction. From that order the present appeal was taken.

In the progress of the case in the Court below, the fact was disclosed that the appellant, Thruston, after making the lease, on the 30th day of October, 1867, conveyed to John B. H. Campbell all his reversionary interest and estate in the property demised, and assigned the covenants therein, and the respondent contended that the effect of such conveyance and assignment was to confer upon Campbell the exclusive right to enforce the particular covenant or condition under consideration, and to divest the complainant of the right to maintain any action at law or in equity for the breach or violation thereof. This defence was ruled good by the Circuit Court, and its decree dissolving the injunction appears to have rested mainly on that ground.

In this view we do not concur. It is plain, from the nature of the condition, that it was inserted, as alleged in the bill, only for the benefit and protection of the hotel property, in which the lessor retained his estate, and that it was not in any respect intended for the benefit of the lessor as owner of the reversion in the property leased. It was, in its nature, an independent covenant or condition, made with Thurston, as owner of the contiguous property, for the benefit and protection of which it was intended; it was not a covenant running

with the land demised, and did not pass to the assignee of the reversion.

The effect of the condition was to create a right or interest in the nature of an incorporeal hereditament or easement appurtenant to the contiguous hotel property, and arising out of the parcel of land demised by the lease. The principle is correctly stated by the Court in *Whitney vs. Union R. Co.*, 11 *Gray*, 359, as follows:

"When it appears, by a fair interpretation of the words of the grant, that it was the intent of the parties to create or reserve a right in the nature of a servitude or easement in the property granted, for the benefit of the other land owned by the grantor, and originally forming, with the land conveyed, one parcel, such right shall be deemed appurtenant to the land of the grantor; and binding on that conveyed to the grantee, and the right and burden thus created will respectively pass to and be binding on all subsequent grantees of the respective parcels of lands."

In *Clark vs. Martin*, 49 *Pa.*, 289, it appeared "that Drosddorf and Roberts bought a corner lot from Alexander Henry, subject to a perpetual rent, and with the condition written in the deed that they, their heirs and assigns, should not erect any building on the back part of it higher than ten feet, Henry being then the owner of the lot adjoining on the south. The corner lot afterwards passed successively to five different owners, the last of whom was Martin, the defendant, and in all the deeds the same condition was repeated. Of the adjoining lot, Henry died seized, and his testamentary trustee conveyed it to the plaintiff, Clark; and the rent reserved on the corner lot by Henry was purchased by Martin." The question before the Court was, "whether Clark, as owner of the adjoining lot, had any such right to the condition or terms imposed upon Martin's title, as entitled him to claim in equity, that Martin should be compelled to observe them." This question was decided in the affirmative.

LOWRIE, C. J., in delivering the opinion of the Court, said: "He (Martin) took his title expressly on the terms mentioned.

He was not to erect on the back part of his lot any building higher than ten feet, afterwards changed to eleven. To whom does he owe the duty? No one doubts that it is to the grantor, who reserved or imposed the duty and to his heirs and assigns. But did the grantor reserve this duty to himself, his heirs and assigns, as a mere personal duty and thus retain in himself, or them, the vain right of saying that lot is not mine, but the owner is subject to my pleasure in the mode of building upon it?"

"Common sense forbids this, and the law would not allow itself to be troubled with such vain engagements. It is not pretended that this restriction was intended for the benefit of the ground rent reserved by Henry, and such a pretence would be entirely unreasonable; for a restriction that diminishes the value of the lot, and the houses that may be erected on it, cannot increase the security of the rent issuing out of it. We have no other resource, therefore, than to attribute the restriction to the purpose of benefitting the adjoining lot then owned by Henry. Common sense cannot doubt its purpose, and thus it becomes plain that the duty created by the condition and restriction, is a duty to the owner of the adjoining lot, whoever he may be."

We have cited the opinion of the Court in the above case at considerable length, because the conclusions therein stated appear to us to be sound, and abundantly supported by reason and authority, and are strictly applicable to the present case. It follows from them that the appellant, as partner of the hotel property, is entitled to the benefit of the condition in the lease, and that it did not pass to Campbell by the assignment of the reversion. Is he entitled to relief by a writ of injunction to prevent its violation? Several grounds of defence have been urged and relied on by the appellee, in the argument in this Court, which remain to be considered.

1st. It is said that the complainant knew of the intended erection of the building in the manner now complained of, and that it has been built in that way with his acquiesence and consent, and by his agreement. This defence is stated in the

answer, and being new affirmative matter, it was incumbent on the defendant to sustain it by proof; this he has failed to do. On the contrary the weight of the testimony supports the averment of the bill that the respondent, Minke, is proceeding to construct the building in violation of the condition in the lease, "*without any agreement with the complainant, and in opposition to his repeated remonstrances.*" There is no evidence of acquiescence or *laches* on the part of the complainant.

2d. It is objected that "the parties being tenants in common of the hotel property, nothing but a destruction of the property by one of them would justify the injunction," and, in support of this position, we have been referred to *Hale vs. Thomas,* 7 *Ves.* 589; *Twort vs. Twort,* 16 *Ves.* 130, 131; 2 *Story's Eq. Jur., sec.* 916.

The principle here invoked has no application to the present case. The parties are not tenants in common of the parcel of ground mentioned in the lease, to restrain the unlawful use and occupation of which the injunction is asked. Here, the injunction is not sought for the purpose of restraining the defendant, Minke, in the use or occupancy of the property held in common, but to prevent him, as tenant of the contiguous lot, from violating the condition of the lease, to the injury of the hotel property. The rules regulating the granting of injunctions at the instance of one tenant in common to restrain his co-tenants in the use of the common property have, therefore, no application to this case.

3d. It has been contended that the averments in the bill and the proof in the cause do not show a case of irreparable damage, without which, it is said, the complainant is not entitled to an injunction, and that there is full and adequate relief at law, and, for these reasons, the injunction was properly dissolved.

In *Amelung vs. Seekamp,* 9 *G. & J.,* 468, the Court of Appeals (adopting the language of Chancellor KENT, in *Jerome vs. Ross,* 7 *Johns. Ch. R.,* 333) say "that an injunction is not granted to restrain a mere trespass, where the injury is

not irreparable and destructive of the plaintiff's estate, but is susceptible of perfect pecuniary compensation, and for which the party may obtain adequate satisfaction in the ordinary course of the law."

This rule has been re-asserted by this Court in several subsequent cases, and applies where the alleged trespass is by a stranger or party claiming adversely. "But, in the case of waste, where there is a privity of title as between tenants for life or years, and the reversioner, it is not necessary for the plaintiff to show irreparable injury or destruction to the estate, to entitle him to the remedy by injunction." *George's Creek Co. vs. Detmold,* 1 *Md. Ch. Dec.,* 372.

"Equity will restrict a lessee to the specific performance of his covenants." *Hilliard on Injunctions,* 462, *sec.* 8.

In 2 *Story's Eq. Jur., sec.* 927, it is said: "Where easements or servitudes are annexed by grant or covenant or otherwise to private estates * * * * * the due enjoyment of them will be protected against encroachments, by injunction."

That is the nature of the right that has been encroached upon here. In this case the covenant or condition in the lease is express and positive, and, as we have before said, the appellant, as part owner of the hotel property, for the protection or benefit of which it was made, has a right to insist on its observance by the lessee.

The consequence of its violation in the manner charged in the bill, as shown by the evidence, is, to shut out, or materially obstruct the light and ventilation of the third story of the hotel.

For such damage and injury, an action at law would not, in our opinion, afford an adequate and complete remedy, and, therefore, the appellant is entitled to relief by injunction.

For the reasons stated, the order of the Circuit Court dissolving the injunction will be reversed, with costs to the appellant, and the cause will be remanded.

*Reversed and remanded.*

(Decided 3d June, 1870.)