# ALEXANDER A. FOREMAN *vs.* W. H. SADLER'S EXECUTORS.

*Restriction on Land Conveyed—Waiver of Restriction—Condition Subsequent.*

A corporation which owned a large tract of land conveyed three parcels of it to L. by a deed, containing this restriction in the habendum clause: "Provided, however, that the property herein mentioned shall be used only for residence purposes and that each dwelling erected thereon shall not cost less than four thousand dollars, and further provided that no liquors shall be sold on the premises." L. conveyed one of these lots to S. subject to the same restriction, but conveyed his other lots to other purchasers without any restrictions. The corporation conveyed several portions of said tract to different persons without any restriction, and subsequently the remaining part of its property was sold under a mortgage foreclosure without restriction. The purchaser of the lot so conveyed to S. objected to the title on the ground that it would be subject to restriction contained in the said deed. *Held,* that there is nothing in the language of the deeds to indicate that any other persons than the grantors therein would have the right to enforce the restriction, and since these two grantors no longer have any interest in other parts of the land, the restriction could not be enforced by them; that there is no evidence that the restriction was imposed in pursuance of a general scheme for the improvement of the land, or that the land granted was to be made subject to any easement or restriction in favor of the land retained, and that consequently the purchaser of the lot conveyed as aforesaid to S. can now obtain a title free from the restriction.

*Decided January 13th, 1911.*

Appeal from the Circuit Court of Baltimore City (NILES J.).

The cause was argued before. BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS. PATTISON and URNER, JJ.

*German H. H. Emory* (with whom were *J. Hemsley Johnson* and *W. G. Olmstead* on the brief), for the appellant.

*Charles F. Stein* and *W. M. Ballou,* for the appellees.

BURKE, J., delivered the opinion of the Court.

The appeal in this case is from an order of the Circuit Court of Baltimore City by which a sale of a lot of ground located at the southwest corner of Edmondson avenue and Eighteenth street in Baltimore City made by the appellees, as executors of Warren H. Sadler, deceased, to the appellant was finally ratified and confirmed.

The record shows that on the 4th of April, 1895, William A. Oaks and others conveyed to the Lyndhurst Improvement Company of Baltimore City, a corporation, a tract of land containing two hundred and eighty-six acres, more or less, located partly in Baltimore City and partly in Baltimore County, and that on the same day that company executed a purchase money mortgage on the whole tract to the Guardian Security Trust and Deposit Company of Baltimore City to secure an issue of two hundred and forty thousand dollars of six per cent. coupon bonds. On September 18th, 1899, the company conveyed in fee to Esther C. Lambdin three parcels of said land, each parcel being described in the deed by metes and bounds. The restriction complained of in this case is found in the *habendum* clause of this deed, and is as follows: "Provided, however, that the property herein mentioned shall be used only for residence purposes and that each dwelling erected thereon shall not cost less than $4,-

000.00; and further provided that no liquors shall be sold on the premises."

By deed dated May 16th, 1900, Esther C. Lambdin and husband conveyed in fee to Warren H. Sadler and wife, subject to the same restriction, one of these lots (the lot sold to the appellant), as tenants by the entirety. Mrs. Sadler died before her husband, and by operation of law he became the sole owner of the lot, subject to the legal effect, if any, of the restriction mentioned. The sole claim made by the appellant is that the title to the lot is now subject to the operation and effect of the restrictive covenant contained in the deeds from the Lyndhurst Company to Mrs. Lambdin and from Mrs. Lambdin and husband to Sadler and wife, and that either of said grantors could enforce that covenant against him as the grantee of the lot. The only question, therefore, presented by this appeal is: Can the appellees convey to the appellant a title to the lot sold free and clear of the restrictions imposed by the deeds referred to as to the mode of improvement and use of the property?

This restriction did not create a condition subsequent. It has been held repeatedly by decisions of this Court and else- where that words in a grant indicating the use to which property is to be applied do not of themselves create a condition subsequent. *Kilpatrick* v. *Baltimore,* 81 Md. 195; *Faith* v. *Bowles,* 86 Md. 13; *Baltimore City* v. *Day,* 89 Md. 555.

It is shown that the Lyndhurst Improvement Company sold and conveyed in fee to various persons parcels of the tract without restrictions of any kind, and that the restriction found in the deed to Mrs. Lambdin is the only one imposed by the company in any of its conveyances. The mortgage to which we have referred was foreclosed, and all the property owned by the Lyndhurst Company at the date of the foreclosure was sold free and clear of any restrictions. The evidence shows that Mrs. Lambdin in dealing with the property acquired under the deed from the Lyndhurst Company

violated and disregarded the restrictions in important re-
spects.  She sold unimproved portions of the property with-
out restrictions and improved other portions by erecting
dwelling houses costing less than four thousand dollars, which
she sold free of the restrictions.  Mrs. Lambdin has disposed
of all the property acquired by the deed of September 18th,
1899, from the Lyndhurst Company, except possibly a strip,
not connected in any way with the lot sold in these proceed-
ings one foot wide and one hundred and ten feet long.  Upon
this state of facts we have no difficulty in affirming the decree
of the lower Court.  The law upon the subject of restrictive
covenants affecting real estate has been fully treated in cases
in this Court.  *Thurston* v. *Minke,* 32 Md. 487; *Halle* v.
*Newbold,* 69 Md. 265; *Newbold* v. *Peabody Heights Com-
pany,* 70 Md. 499; *Peabody* v. *Wilson,* 82 Md. 186; *Sum-
mers* v. *Beeler,* 90 Md. 474; *Dawson* v. *Western Maryland
R. R. Co.,* 107 Md. 70.

There is nothing in the language of the two deeds (the
deed from the Lyndhurst Company to Mrs. Lambdin and the
deed from her and her husband to Mr. and Mrs. Sadler) to
indicate an intention on the part of the parties to them to
confer upon any other persons a right to enforce the restric-
tions contained in those deeds, and the acts and conduct of
the parties respecting the property show that no such right
was intended to be conferred.

There are cases where the covenants or restrictions upon
the use and enjoyment of the property granted, although ex-
pressed in such terms as to be binding by way of contract
only upon the parties to the deed, have been construed to cre-
ate a right or interest by way of easement in the remaining
land of the grantor.  But this has been held only, "when it
appears, by a fair interpretation of the words of the grant,
that it was the intent of the parties to create or reserve a
right in the nature of a servitude or easement in the prop-
erty granted, for the benefit of the other land owned by the
grantor, and originally forming, with the land conveyed, one

parcel, such right being deemed appurtenant to the land of the grantor, and binding on that conveyed to the grantee, and the right and burden thus created will respectively pass to and be binding on all subsequent grantees of the respective parcels of lands." *Whitney* v. *Railroad Company,* 11 Gray, 359; *Thurston* v. *Minke,* 32 Md. 487.

The application of this doctrine is more frequently found in cases "where there is proof of a general plan or scheme for the improvement of property and its consequent benefit, and the covenant had been entered into as a part of a general plan to be exacted from all purchasers and to be for the benefit of each purchaser, and the party has bought with reference to such general plan or scheme, and the covenant has entered into the consideration of his purchase." *Mulligan* v. *Jordan,* 50 New Jersey Eq. 364; *Summer* v. *Beeler,* 90 Md. 474; *Newbold* v. *Peabody Heights Company, supra; Peabody Heights Company* v. *Willson, supra.*

In the case of *Elliston* v. *Reacher* (1908), 2 Ch. D. 374, the Court, through JUSTICE PARKER, lays down the following rule as to the enforcement of restrictive covenants by purchasers *inter sese:* "It must be proved, (1) that both the plaintiffs and the defendants derive title under a common vendor; (2) that previously to selling the lands to which the plaintiffs and defendants are respectively entitled the vendor laid out his estate, or a defined portion thereof (including the land purchased by the plaintiffs and defendant respectively), for sale in lots subject to restrictions intended to be imposed on all the lots, and which, though varying in details as to particular lots, are consistent and consistent only with some general scheme of development; (3) that these restrictions were intended by the common vendor to be and were. for the benefit of all the lots intended to be sold, whether or not they were so intended to be and were for the benefit of other lands retained by the vendor; and (4) that both the plaintiffs and the defendants, or their predecessors in title, purchase their lots from the common vendor upon the footing

that the restrictions subject to which the purchases were made were to inure for the benefit of the other lots included in the general scheme whether or not they were also to inure for the benefit of other lands retained by the vendors. If these four points be established, I think that the plaintiffs would in equity be entitled to enforce the restrictive covenants entered into by the defendants or their predecessors with the common vendor irrespective of the dates of the respective purchases."

In the case before us there is an entire absence of proof of any general plan or scheme for the improvement of the land of the Lyndhurst Company of which the parcels sold to Mrs. Lambdin formed a part, nor is there any intention apparent from the deed or in the acts or conduct of the parties from which it could be held that the land granted was subject to any right or easement in favor of the land retained. It follows that neither the grantees of the Lyndhurst Company nor of Mrs. Lambdin can enforce this restriction. It would seem to be equally clear that the Lyndhurst Company cannot enforce it because it has no interest in the property. That restriction was evidently inserted for the benefit of the Lyndhurst Company, and all its property having been sold it has now no standing in a Court of Equity to enforce the restriction. "It is a fundamental principle of equity pleading that to entitle a party to sustain a bill he must show an interest in the subject of the suit, or a right to the thing demanded, and proper title to institute the suit concerning it." *Sellman* v. *Sellman,* 63 Md. 520.

This applies as well to Mrs. Lambdin, who has disposed of all her substantial interest in the property. Besides, her acts and conduct in dealing with the property, by violating and disregarding the material parts of the covenant, have been such as would estop her to enforce the covenant against her grantees. There appears to be no reasonable doubt that the appellees are able to convey the lot to the appellants free from the burden of the restriction complained of, and as the

effect of this restriction upon the title is the only question presented (the title in other respects being conceded to be free from objection), the order appealed from will be affirmed.

> *Order affirmed, the costs to be paid by the appellees out of the estate of Warren H. Sadler, deceased.*