# CIRCUIT COURT OF BALTIMORE CITY.

Filed August 20, 1923.

ELIZABETH RAITH AND HUSBAND, ET AL.,
VS.
MARY FEAR LECKNER AND HUSBAND.

*R. Lee Slingluff* for plaintiff.
*Edward L. Ward* for Leckner and wife.

STEIN, J.—

The object of these proceedings is to obtain a decree declaring that the deed named in the bill from Boston Fear, to his daughter Mary, wife of John B. Leckner, while absolute in form, conveyed to her the property therein named upon the trusts set out in the bill. Mrs. Leckner and her husband, two of the defendants, demurred to the bill as amended, because "it does not charge those trusts to be in writing and for want of equity."

At the hearing of the demurrer, the only question argued was the failure of the bill to aver that the alleged trusts are in writing.

This point is not well taken.

In Beachey vs. Heiple, 130 Md. 683, page 693, our Court of Appeals, Boyd, C. J., said:

"As to the objection that the Statute of Frauds precludes the plaintiff from recovery; one of the cases cited by the appellees as to multifariousness might be cited as an answer to that contention, Ruhe vs. Ruhe, supra. But there are several complete answers to the objection as now raised. Section VII of Car. 11, Cap. 3, Statute of Frauds, does not provide that the trusts shall

be constituted in writing, but "all declarations or creations of trusts and confidence of any lands, tenements or hereditaments shall be manifested and proved by some writing, etc." See Maccubbin vs. Cromwell, 7 G. & J., 157; Gordon vs. McCulloh, 66 Md. 245. "It therefore follows, that a bill need not charge the trust to be in writing, at least it is not demurrable on that account, for the writing is no part of the trust, but only the evidence to prove it at the hearing."

I think the bill structurally bad because:

A. The last six lines of the sixth paragraph of the bill refers to the papers in suit pending in this Court as follows, viz.:

"and reference to which is hereby made and prayed to be taken as part of this bill, in the same manner as if the same were filed herewith as Exhibit."

This is a violation of the Fourth General Equity Rule, which requires all exhibits to be filed with the clerk before any order of process shall be made; while perhaps this objection is not raised by the demurrer, I mention it, so that if an amended bill is filed, counsel may consider it.

B. The fifth and sixth paragraphs of the bill recite that "Mary Fear conveyed all her property; which included that in the bill to Howell W. Thomas, trustee, under a deed of trust to him for the benefit of her creditors that the trusts thereby created are being administered in this Court in the case above noted. The bill as amended does not contain any averment, to show either that the trusts created by the deed have ceased, or that the property named in the bill is wholly or partially freed of such trusts, should show that the property named in the bill is wholly or partially freed from operation of the deed of trust; so that if a decree should be passed herein establishing the secret trusts it would not be a nugatory·act;

"It is a fundamental principal of Equity Pleading that to entitle a party to sustain a bill he must show an interest in the subject of the suit or a right to the thing demanded, and proper title to institute the suit concerning it." Foreman vs. Sadler, 114 Md. 574-579.

The bill as amended does not meet this requirement.

The bill should be so amended as to make as parties all those claiming under the deed of trust to Thomas, whose interest would be affected by a decree establishing the secret trust.

At the hearing on the demurrer, it was conceded that the debts referred to in the deed of trust were paid, and that Mrs. Leckner is entitled to reconveyance; so that a slight amendment will meet this objection.

The demurrer will be sustained with 15 days leave to amend.