BRIDE ET AL. *v.* FINEGAN ET AL.

[No. 87, September Term, 1961 (Adv.).]

*Decided October 9, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, HORNEY, MARBURY and SYBERT, JJ.

*John Sumner Wood, Sr.,* with whom was *Judson Rawlings Wood,* for appellants.

*Stedman Prescott, Jr.,* with whom were *John I. Kelly* and *Sandra Kelly,* in proper person, for appellees.

MARBURY, J., delivered the opinion of the Court.

William J. Reeves, by deed dated November 26, 1952, conveyed to William B. Keely and wife, and Samuel W. Barrow and wife, a tract of land in Montgomery County called "Deakin's Range", containing approximately 220.618 acres. By deed of the same date recorded among the Land Records immediately thereafter Keely and wife, and Barrow and wife imposed a declaration of covenants to run until December 31, 1979, upon part of said 220.618 acre tract, namely: Parcels 1 through 9 in "Deakin's Range", as shown on an unrecorded tentative plan of subdivision.

Section 7 of that declaration provided that no resubdivision, nor any division, of the same should be made without the consent in writing of the Barrows and Keelys, the survivor or survivors of them, or *their designated agents.*

Section 8 of the declaration provided that without the consent of the parties thereto, the survivor or survivors of them, or their designated agents, no more than one dwelling house or structure shall be erected or constructed upon any parcel.

Section 11 of the declaration named Samuel W. Barrow as the designated agent of the parties thereto until another agent is designated of record.

By deed dated December 12, 1958, Keely and wife, and Barrow and wife conveyed all their right, title, and interest in and to all the balance of the land in "Deakin's Range" which they had received by the deed of November 26, 1952, (except those parcels which they had theretofore conveyed to others) to Paul V. Finegan and Gladys T. Finegan, his wife, two of the appellees. In the same deed Keely and wife, and Barrow and wife designated the appellees Paul V. Finegan and Gladys T. Finegan, his wife, as agents for all purposes under the declaration of covenants dated November 26, 1952, with the right to do any and all of the acts previously reserved to the Keelys and Barrows by the terms of said declaration; and in the same instrument Samuel W. Barrow resigned as the designated agent under the declaration, and the resignation was accepted by the parties to the declaration of covenants.

Appellees Paul V. Finegan and Gladys T. Finegan, in the Spring of 1960, entered into a written contract with John I. Kelly and Sandra Kelly, his wife, the other appellees, in which they agreed to convey to the Kellys 2.499 acres of original parcel No. 6 as shown on the unrecorded plat of tentative subdivision. Said original parcel 6, as shown on said plat, contained 21.96 acres of land, more or less. As a result of said contract the appellants, Noel C. Bride and wife, James Arthur Finigan, Jr. and wife, and Guy L. Qualls and wife (the Qualls did not appeal), brought this suit against the appellees to enjoin the division of said original tentative parcel No. 6 into smaller parcels, and the erection of a proposed additional dwelling house on the 2.499 acres of original parcel No. 6, by the appellees Kelly, alleging breach of sections 7 and 8 of the declaration of covenants.

Voluminous testimony was taken before an examiner and

the transcript thereof, with numerous exhibits, was submitted to the chancellor (Pugh, J.) who, in a brief opinion and order dismissing the bill of complaint, stated that the court was not satisfied that the plaintiffs had met the burden of proof to establish that the covenants, or any part of them, had been violated and "it is most difficult for the court to ascertain from the testimony in what manner the covenants have been violated, in what area of the subdivision such alleged violation has taken place or who violated it." From Judge Pugh's order the appellants have appealed.

The record before us discloses that before the transaction involving parcel No. 6 between the appellees, both the original subdividers Barrow and Keely and the appellees Finegan had previously resubdivided portions of the original lots in the proposed subdivision, upon which houses had been built pursuant to the reservation contained in sections 7 and 8 of the declaration, and that the appellants had actual knowledge of this fact. Moreover, all the deeds involving conveyances of portions of "Deakin's Range", including the declaration of covenants, and the designation of Paul V. Finegan and wife, as agents, were duly recorded, so that these gave constructive notice to the appellants. *Gnau v. Kinlein,* 217 Md. 43, 141 A. 2d 492; *Turner v. Brocato,* 206 Md. 336, 111 A. 2d 855.

It is obvious from reading sections 7 and 8 (as well as sections 1 and 3, which are not involved in this controversy) of the declaration that the original subdividers, Barrow and Keely, intended to reserve the right to modify the covenants with respect to resubdivision and permission to build more than one dwelling house upon the lots affected; and to designate agents to exercise these rights for them. With respect to the covenants contained in sections 2, 4, 5, and 6, there was reserved no right to modify by the parties or their designated agents.

The principal question raised by the appellants concerns the right of the original subdividers, Keely and wife, and Barrow and wife, to either personally waive the covenants or to designate agents to waive the restriction against resubdivision, and the building of more than one house upon any one lot of the

tentative plan of subdivision under the covenants when they no longer owned any of the land in the subdivision.

The appellants' contention is that these restrictive covenants are enforceable *inter sese* in favor of themselves against the appellees, all of whom claim title as alienees from the original grantors; but that the right to waive these restrictions terminated upon the conveyance of the remaining land in the tentative subdivision to the appellees Finegan. The answer to this contention depends upon whether or not the declaration of covenants, when considered as a whole, discloses a general plan of improvement adopted for the entire tract, of which their lots formed a part, and that their purchases were made and deeds accepted in reliance upon the execution of such a design.

The power to consent to resubdivision, or to more than one dwelling per parcel, amounts to a reservation of a right to waive these restrictions equivalent to that in *Matthews v. Kernewood, Inc.,* 184 Md. 297, 40 A. 2d 522. The reservation of such a right to change or waive has been held to negative the intention to create a general neighborhood plan of development. *Bealmear v. Tippett,* 145 Md. 568, 125 Atl. 806; *Foreman v. Sadler's Executors,* 114 Md. 574, 80 Atl. 298. This rule is in accordance with the weight of authority especially where, as in this case, the reserved right of waiver has been previously exercised. 19 A.L.R. 2d, *Restrictive Covenants,* 1274, 1282; 26 C.J.S., *Deeds,* § 167 (2), 1143, 1151; 2 Am. Law of Property, Ch. 1, *Covenants Running With Land At Law,* § 9.22, citing *Matthews v. Kernewood, Inc., supra,* and *Bright v. Forest Hill Park Development Co.,* 133 N. J. Eq. 170, 31 A. 2d 190.

In this case the reservation of the right to consent to the waiver of certain restrictions, but not all of the restrictions, prevents those restrictions which may be waived or modified from being part of a general plan of development. *Bealmear v. Tippett; Foreman v. Sadler's Executors,* both *supra.* Since the restrictions contained in sections 7 and 8, under the authorities above quoted, were not a part of a general plan they are not enforceable by the appellants, or other owners of parcels who derived their title from the common grantors Bar-

row and Keely, so that it is not necessary for us to decide whether the right to enforce or consent to the modification of these covenants was assignable to the appellees Finegan, or their designated agents, after the Barrows and Keelys no longer owned any of the land in the subdivision.

In view of what we have said we do not deem it necessary to consider the appellants' contentions with reference to the pond lot agreement and right of way agreement, or any of the other contentions suggested in the appellants' brief and oral argument.

*Order affirmed, appellants to pay the costs.*