(Decided 13th June, 1888.)

PHILIP HALLE *vs.* DAVID M. NEWBOLD.

*Real Estate—Servitude or Easement—Clear title—Incumbrance on Land.*

A grantor may impose a restriction in the nature of a servitude or easement upon the land that he retains, for the benefit of the land he sells or leases; and if that servitude is made binding by express words upon the heirs and assigns of the grantor, and by equally express words made to attach to the heirs and assigns of the grantee, such covenant can be enforced by and against any assignee, with notice.

Such servitude is an incumbrance upon the land upon which it is imposed, and the title of the owner of the land is not clear.

APPEAL from the Circuit Court of Baltimore City.

This appeal is taken from a *pro forma* decree in favor of the vendor of real estate, on a special case stated

Halle *vs.* Newbold.

between him and the vendee for the opinion of the
Court, as to the character of the title offered in fulfil-
ment of an agreement to sell said real estate, and to
give a clear title to the vendee. The case is stated in
the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE,
MILLER, ROBINSON, BRYAN, and McSHERRY, J.

*John J. Dobler*, for the appellant.

The title to the property is not clear by reason of the
restrictive covenant contained in the deed to Thomas
Donaldson, whereby an easement or servitude was
created in favor of the ground conveyed to Thomas
Donaldson, if not indeed in favor of all the ground front-
ing on Fulton street, belonging to Caroline Donald-
son's heirs in 1855. This covenant, whether it runs
with the land or not, will be enforced by Courts of
equity. *Thruston vs. Minke and Humbird*, 32 *Md.*, 487;
*Peck vs. Conway*, 119 *Mass.*, 546; *Whitney vs. Union Rail-
way Co.*, 11 *Gray*, 359; *Jeffries vs. Jeffries*, 117 *Mass.*,
184; *Herrick vs. Marshall*, 66 *Maine*, 435; *Columbia Col-
lege Trustees vs. Lynch*, 70 *N. Y.*, 440; *Phœnix Ins. Co.
vs. Continental Ins. Co.*, 89 *N. Y.*, 400; *Clark vs. Martin*,
49 *Penna.*, 289; *In re Higgins and Hitchman's Contract*,
51 *Law Journal, N. S. Ch.*, 772; *London, etc. Rwy. Co.
vs. Bull, et al.*, 47 *Law Times, N. S.*, 413.

Newbold's title is subject to the paramount right of
the owners of the adjoining property, to the easement
or servitude created by the covenant referred to—which
paramount right is an encumbrance upon the legal
title. *Kramer vs. Carter*, 136 *Mass.*, 504; *Washburn on
Easements*, (4th Ed.,) 115, 116.

*John Prentiss Poe*, for the appellee.

The covenant does not "touch and concern" the land
granted to Thomas Donaldson, the covenantee, but is

Halle *vs.* Newbold.

merely collateral to it; and hence the burden of it cannot be imposed upon the assignee of the covenantors in favor of the assignee of the covenantee. 2 *Washburn on Real Prop.*, 15; *Keppell vs. Bailey*, 2 *Myl. & K.*, 517; 2 *Am. Law Reg.* (*N. S.*,) 193, 256; *Milnes vs. Branch*, 5 *Maule & S.*, 411; *Glenn vs. Canby*, 24 *Md.*, 130; *Lynn vs. Mt. Savage Co.*, 34 *Md.*, 637.

To authorize the enforcement of covenants in grants, there must always be either a privity of contract or a privity of estate. Here there is confessedly no privity of contract, and the appellee insists that there is no privity of estate between the assignee of the covenantee and Newbold, the assignee of the covenantors—and accordingly the restrictive covenant is inoperative against him. *Spencer's Case*, 1 *Smith's Lead. Cases*, 126; *Webb vs. Russel*, 3 *Term Rep.*, 402.

The authorities draw a clear distinction between the benefit of a covenant which, under some circumstances, will pass to an assignee of the covenantee against the covenantor, and the *burden* of a covenant, which will not pass to the assignee of a covenantee against the assignee of the covenantor, and this distinction must be borne in mind. 1 *Smith's Lead. Cas.*, 141. See also *Thruston vs. Minke*, 32 *Md.*, 487; and *Lynn vs. The Mt. Savage Co.*, 34 *Md.*, 635, where the assignee of the covenantor was held not to be bound by the *burden* of the covenant.

STONE, J., delivered the opinion of the Court.

In 1855 the heirs of Caroline Donaldson owned in fee a tract of land lying on Fulton street, in Baltimore City. Thomas Donaldson, who was one of the heirs of Caroline Donaldson, took in 1855 a deed from the other heirs, for a lot on Fulton street to himself in severalty.

In the deed from the other heirs of Caroline Donaldson to Thomas Donaldson there is this covenant:

"And the said parties of the first part (the grantors) hereto, for themselves, their heirs, executors, adminis-

trators and *assigns* do hereby covenant with the said Thomas Donaldson, his heirs and *assigns*, that no improvement shall be built upon any of the lots now belonging to the parties to these presents, and binding upon said Fulton street, inferior to that which George B. Taylor and John W. Jevens have contracted with the party of the second part hereto (Thomas Donaldson) severally to erect on the piece of ground herein before described and conveyed, which said party of the second part has contracted to sell in two lots of equal size to said Taylor and Jevens, to wit: a house not less than twenty feet on said Fulton street, and of proportionate depth, and three stories in height, or a cottage equal in value, as an improvement to such a house as that just described."

Thomas Donaldson subsequently died, leaving Mary E. P. Donaldson, his wife, all his real estate for life with full power of sale. In March, 1888, the said Mary E. P. Donaldson and the other heirs of Caroline sold and conveyed a lot of land on Fulton street to Daniel M. Newbold in fee "subject, however, to the operation and legal effect, if any, of the covenants contained in a deed from John J. Donaldson, *et al.*, to Thomas Donaldson, recorded among the land records of Baltimore City aforesaid, in Liber E. D., No. 99, folio 162, &c., and of the covenant between John J. Donaldson, *et al.*, and John W. Jevens, *et al.*, recorded among the land records aforesaid in Liber G. E. S., No. 185, folio 252, &c."

Newbold subsequently leased a part of said lot fronting *fourteen feet eight inches* on Fulton street to George H. Callis, and then sold the rent reserved in said lease to Philip Halle, the appellant, to whom he guaranteed a clear title.

The question of the effect and operation of the covenant in the deed of 1855, from the heirs of Caroline

Donaldson to Thomas Donaldson is the one presented for our determination.

It is apparent from the above statement of facts, that if the covenant in the deed of 1855 from John J. Donaldson and others, to Thomas Donaldson is effective either because it runs with the land, or can be enforced by a Court of equity as an easement or servitude, the title is not clear, but encumbered with conditions that may most materially affect the value of the lot.

A house twenty feet front cannot be built on a lot of fourteen feet eight inches, and the purchaser has only the choice between leaving the lot unimproved, or *purchasing* the right to build a house of less frontage, by procuring a release of the condition.

We cannot distinguish this case in principle from the case of *Thruston vs. Minke & Humbird*, 32 *Md.*, 487.

In that case Thruston and Minke were tenants in common of a hotel and a *vacant* lot adjoining in the town of Cumberland, Thruston owning one-fourth and Minke three-fourths of the property. Thruston leased to Minke for a long period his interest in the *vacant* or *unimproved* part of the property. It was provided in the lease that the lessee should not erect any building on the vacant lot *which should be higher* than the present level of the third story floor of the hotel building. Thruston filed a bill in equity alleging that Minke was about to construct a building on the vacant lot *higher* than was permitted by the covenant in the lease, and praying for an injunction.

This Court decided that the effect of the condition in the lease was to create "a right or interest in the nature of an incorporeal hereditament, or easement, appurtenant to the contiguous hotel property, and arising out of the parcel of land demised by the lease."

In support of the conclusion they reached in that case, this Court quote with approval the cases of *Whit-*

*ney vs. Union R. Co.*, 11 *Gray*, 359, and the case of *Clark vs. Martin*, 49 *Pa.*, 289.

In the former of these cases (which is also referred to with approval by *Washburn* in his work *on Easements*) the Court says: "When it appears by a fair interpretation of the words of a grant that it was the intent of the parties to create or reserve a right, in the nature of a servitude or easement, in the property granted, for the benefit of the other land owned by the grantor, and originally forming, with the land conveyed, one parcel, such right will be deemed appurtenant to the land of the grantor and binding on that conveyed to the grantee, and the right and burden thus created will respectively pass to and be binding on all subsequent grantees of the respective lots of land."

In the latter case, *Clark vs. Martin*, a man by the name of Henry owned adjoining lots. He sold one with a condition in the deed, that no building was to be erected on the back part of the lot higher than ten feet. This lot passed successively to five different owners with the same condition in each deed. Henry died seized of the other lot, and after his death it was sold to Clark. The question was whether Clark could compel Martin, the then owner of the other lot, to comply with the conditions, and the Court decided that he could. The opinion is quoted at length in *Thruston vs. Minke & Humbird*, and in the main takes the same view that the Court in *Whitney vs. Union R. Co.* took.

These cases very conclusively settle the law that a grantor, may impose a restriction, in the nature of a servitude or easement, upon the land that he sells or leases, for the benefit of the land he still retains ; and if that servitude is imposed upon the heirs and *assigns* of the grantee, and in favor of the heirs and assigns of

Halle *vs.* Newbold.

the grantor, it may be enforced by the assignee of of the grantor against the assignee (with notice) of the grantee.

It will be observed that in each of the cases above cited, the grantor imposed the servitude or conditions upon the land he sold, in favor of the land that he retained. In the case at bar, the grantors imposed the condition upon the land they retained and in favor of the land they sold. But the principle is the same in both cases. In *Columbia College Trustees vs. Lynch*, 70 *N. Y.*, 449, the Court says: "An owner may subject his lands to any servitude, and transmit them to others charged with the same ; and one taking title to lands, with notice of any equity attached thereto, or any outstanding right or claim affecting the title, or the use and enjoyment of the lands, takes subject to such equities, and such right or claim, and stands, in the place of his grantor, bound to do or forbear to do whatever he would have been bound to do or forbear to do. This rule is of universal application."

When, therefore, the heirs of Caroline Donaldson created that easement or servitude on their own lands, binding by express words, their heirs and *assigns* in favor of the land then owned by Thomas Donaldson, and by equally express words made the servitude attach to his heirs and assigns, such covenant can be enforced by and against any assignee with notice. It follows from what we have said, that the land sold by Newbold to Halle is encumbered by the condition referred to and that the title is not clear. *In re Higgins & Hitchman's Contract*, 51 *Law Journal, Chancery Div.*, 772. In the view we have taken of the case, we deemed it unnecessary to decide the question whether the covenant in the deed runs with the land or not. That question we think immaterial in this case, in view of the fact that the covenant is a binding one, and

will be enforced upon proper application, and such was the view taken by the Court in 70 *N. Y.*, 440, above cited. We must therefore reverse the decree and remand the case.

*Decree reversed, and*
*cause remanded.*

(Decided 13th June, 1888.)