## GEORGE W. ROSS *vs.* BRIDGET McGEE.

*Reservation of Right to Use Spring on Land Conveyed—When Right Personal to Grantor—Easement of Way—Adverse User—Abandonment.*

When a conveyance of land reserves the privilege of using the water from a spring on the land conveyed, without mention of the heirs or assigns of the grantor, such privilege is personal and cannot be assigned by the grantor to purchasers of adjoining lots.

When a right of way over adjoining land is claimed to have been established by adverse user, it is for the jury to say whether the use of the way was by the permission or license of the owner of the servient tenement or was under a claim of right. If the use of the way began by license it cannot ripen into title by prescription in the absence of a claim under adverse right.

When a way over a lot of ground has been used by an adjoining owner and such way is not appurtenant to his lot as an easement or by way of grant, then an adverse and continuous user of the way for twenty years is necessary in order to create a right to its use.

It is for the jury to determine whether certain facts are sufficient to constitute the abandonment of a right of way, while the competency of the evidence is for the Court.

The owner of a tract of land conveyed a parcel thereof, on which a spring was situated, to one W. by a deed which contained this provision : "Reserving however the privilege of using the water from the spring on the lot of ground hereby conveyed." In a subsequent conveyance of an adjoining lot to the plaintiff by the same grantor there was given "the privilege of the use of a spring of water situated on the lot of ground conveyed" to W. Afterwards another adjoining lot was conveyed to the defendant by a deed giving the same right to use the spring. The plaintiff claimed a right of way across one end of defendant's lot to the

spring on the W. lot, basing such right both upon said deeds and upon adverse user and brought this action to recover damages for the obstruction of the way. *Held,* that the deed to W. reserving to the grantor the right to use the spring on the lot conveyed created only a personal right to the use of the same by the grantor, there being in the deed no words reserving the right to heirs or assigns, and consequently the same grantor in conveying another lot to the plaintiff had no power to grant a right to use the spring.

*Held,* further, that there was sufficient evidence in the case to go to the jury to show that the plaintiff had become entitled to the right of way by continuous and adverse user.

Appeal from the Superior Court of Baltimore City (PHELPS, J.)

*Defendant's 5th Prayer.*—If the jury find from the deeds offered in evidence, that one Ellen M. Smith prior to 4th May, 1872, owned a large tract of land of which that mentioned in the *narr.* was a part and that on said date she conveyed to one James H. Wheeler, a certain portion "reserving however, the privilege of using the water from the spring in the lot of ground" thereby conveyed; and that subsequently to wit: on the 18th day of August, 1874, the said Ellen M. Smith conveyed to the plaintiff another portion of said tract "with the privilege of the use of a spring of water situated on the lot of ground conveyed to James H. Wheeler;" and that subsequently to wit: on the 5th of August, 1885, the said Ellen M. Smith conveyed to the defendant, George W. Ross, another portion of said tract, then the Court instructs the jury that by the true interpretation of said deed to Wheeler the right reserved to the said Ellen M. Smith to use the water of the said spring was a license personal to herself which she could not transfer to the plaintiff, yet if the jury find that the said Ellen M. Smith, attempting to transfer said right, verbally designated the way across the lot subsequently sold to the defendant, George W. Ross, as the route to be used by the plaintiff in going to and from said spring, then the Court instructs the jury that said right to use the water from said spring, mentioned in the deed to plaintiff coupled with the designation of the route thereto was a license personal to the plaintiff to

cross the lot of the said Ellen M. Smith, and that the convey-ance of said lot by Ellen M. Smith to said George W. Ross without reservation of said license was a revocation thereof.

And unless the jury find from the evidence that the plaintiff has since said deed to Ross for a period of twenty years used said pathway, continuously, notoriously and adversely to the rights of the said defendants, then their verdict must be for the defendants.  (*Refused.*)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, SCHMUCKER and JONES, JJ.

*Robert Biggs* and *Thomas McKenzie* (with whom was *John V. L. Findlay* on the brief), for the appellant.

*J. J. Lindsay* (with whom was *R. R. Boarman* on the brief), for the appellee.

FOWLER, J., delivered the opinion of the Court.

This is an action brought by the appellee in the Superior Court of Baltimore City against the appellant to recover dam-ages caused by the obstruction of a right of way claimed by the former over the land of the latter to a spring situated on a lot of ground owned by one Wheeler.

The *narr.* contains two counts.  The first claims a right of way under a deed from the plaintiff's grantor, and the second is based upon the deed and adverse continuous user.

At the trial below but one exception was taken by the de-fendant and that relates to the action of the Court in ruling upon the prayers.  The verdict of the jury was in favor of the plaintiff and the defendant has appealed.

It appears from the evidence—consisting of the various deeds showing the claim of title of the plaintiff and defend-ant—that in 1867 Mrs. Ellen M. Smith owned a piece of ground now in Baltimore City bounded on the east by the Falls road, on the south by Union avenue, on the west by a twenty-foot alley and on the north by abutting property, as

will appear by the plat which will be included in the report of this case. From time to time she sold various lots which will be found designated on the plat mentioned. Thus in 1869 she sold and conveyed to Benjamin W. Cox three lots fronting on the Falls road and running westerly to the twenty-foot alley shown on the plat. January 31st, 1870, she conveyed to Elizabeth A. Henderson a lot fronting on Union avenue binding on said alley and running north of even width to the southern boundary of the southernmost of the Cox lots heretofore mentioned. On 4th May, 1872, she conveyed to James H. Wheeler a lot immediately south of the most southern of the Cox lots fronting 25 feet 9 inches on the Falls road and running west of even width 150 feet to the east line of the Henderson lot. In this deed which, as we have seen, is dated 4th May, 1872, the grantor, Mrs. Smith, inserted the following reservation : "Reserving however, the privilege of using the water from the spring on the lot of ground hereby conveyed." In the deed from Mrs. Smith to the plaintiff dated 18th August, 1874, the right to use the spring is thus provided for ; "with the privilege of the use of a spring of water," &c., as in the Wheeler deed. And finally in her deed to the defendant dated 5th August, 1885, we find a similar reservation. The location of the spring, and of the right of way claimed by the plaintiff over the defendant's lot are shown on the plat.

The claim of the right of way to the spring in question is based upon two grounds, first, that which is relied on in the first count of the *narr.* namely, the deed to the plaintiff from Ellen M. Smith, the former owner of the whole piece of land of which all the lots before mentioned are parts, and secondly, this deed in connection with adverse and continuous user of the way for more than twenty years.

The deed from Ellen M. Smith to the plaintiff conveying the alleged dominant lot contains as we have seen the provision, which the plaintiff relies on to support her contention.

The question presented, therefore, is simply this, what is the effect of the reservation contained in the deed from Ellen M. Smith to Wheeler, for, unless, that, gave to the grantor,

Mrs. Smith, something more than a mere personal right to use the spring during *her life*, the attempt to assign it to the plaintiff must necessarily prove abortive.

In the first place it will be observed that the reservation in the Wheeler deed contains no words of limitation, such as "heirs" or "assigns," and that no right of way is laid out or designated by which the grantor was to have access to the spring. Unless, therefore, there is something in the language itself which by the settled rules of construction would compel us to place this burden on the defendant's lot, we ought not to do so.

It is provided by sec. 11 of Art. 21 of the Code, that "no words of inheritance shall be necessary to create an estate in fee-simple, but every conveyance of real estate shall be construed to pass a fee-simple estate, unless a contrary intention shall appear by express terms or be necessarily implied therein." We think it clear that this section was never intended to apply to reservations of privileges and the granting of an easement such as is claimed here. Indeed the language used would seem to render it obvious that such an application would be erroneous. When one who owns land in fee sells and conveys it and receives the price he demands for it our law justly declares that whether or not his deed contains the magic words "heirs and assigns," a fee shall pass to the purchaser ; but there is no rule of law, nor does justice require that if an owner of fee-simple property sells and conveys it in fee, reserving a privilege which imposes a serious burden upon the property sold, that we should declare that not only the grantor, but his heirs and assigns forever should enjoy the privilege reserved, unless there is something in the language of the deed which would authorize such a construction. Thus in the case of *Summers* v. *Beeler*, 90 Md. 476, PEARCE, J., delivering the opinion, we said that it was settled "that a grantor may impose restrictions in the nature of a servitude or easement upon the land he sells   *   *   *   for the benefit of the land that he still retains; and if that servitude is imposed upon the heirs and assigns of the grantee in *favor* of the

*heirs and assigns* of the grantor it may be enforced by the assignee of the grantor against the assignee of the grantee." In *Halle* v. *Newbold*, 69 Md. 270, JUDGE STONE delivering the opinion of the Court quoting from *Whitney* v. *Union R. Co.*, 11 Gray, 359, says: "When it appears by a fair interpretation of the words of a grant that it was the intent of the parties to create or reserve a right, in the nature of a servitude or easement, in the property granted, for the benefit of the other land owned by the grantor, and originally forming with the land conveyed, one parcel, such right will be deemed appurtenant to the land of the grantor and binding on that conveyed to the grantee, and the right and burden thus created will respectively pass to and be binding on all subsequent grantees of the respective lots of land." *Washburn on Easements* (4th ed.) 115, 116. This rule was applied in *Halle* v. *Newbold*, and it was held that inasmuch as the servitude had, by *express words*, been made binding on heirs and assigns, the covenant or reservation should be so construed. But we find no such language in the reservation relied on here. See also *Pearson* v. *Hartman*, 100 Pa. 85, and *Wadsworth* v. *Smith*, 11 Me. 280, and we are of opinion, therefore, that the deed of Mrs. Smith to the plaintiff did not carry any right to use the water. From what we have said it follows that there was error in granting plaintiff's first prayer because it instructs the jury that under that deed offered in evidence the plaintiff is entitled to the use of the spring situated on the land of James H. Wheeler, and that if they find certain other facts, not, however, amounting to an adverse and continuous user for twenty years, the plaintiff was entitled to recover.

The plaintiff's second prayer was also erroneously granted for by it the jury were told that if they should find the facts in the plaintiff's first prayer, which prayer we have said should not have been granted, they might take into consideration in making up their verdict, the injury to plaintiff's property by the closing of the gate and the building the fence spoken of in the evidence, and also such damages and injury to the plaintiff's property by the depreciation in value thereof, if they

should so find, up to the time of bringing this suit.    Both of these prayers are based solely upon the assumption of the correctness of the legal proposition that the plaintiff was entitled to the use of the spring by virtue of her deed from Mrs. Smith, and the latter's deed to Wheeler, and for this reason and for others not necessary to dwell on, it was error to have granted them.    The plaintiff's third should also have been refused.    By it the jury were told that the defendant offered no sufficient evidence that the plaintiff at any time did any act that would amount to an abandonment of her right to use the water which she acquired under the deed.    This prayer also assumes that the right to use the water passed under the deed in question, but in addition to this it was for the jury and not the Court to determine whether the evidence was sufficient to establish abandonment.    There was evidence which the jury had a right to consider in connection with the question of a continuous user or a temporary abandonment of the way and the use of the spring.    The weight of this evidence and whether it was sufficient to establish a failure of continuous use or abandonment was for the jury, while its legal sufficiency was for the Court.    The defendant's fifth prayer asked the Court to tell the jury that the deeds in question from Mrs. Smith to Wheeler and to the plaintiff gave the latter no right or easement to use the water.    This prayer should have been granted, for it announces the converse of the proposition contained in the plaintiff's first, second and third which we have said should have been refused.

Without rehearsing the evidence it is sufficient to say that there was some evidence which if believed by the jury was legally sufficient to show that the plaintiff is entitled to a right of way by adverse and continuous user.    Hence the first and second of the defendant were properly refused.    Defendant's third prayer asserts a correct legal proposition to the effect that if the use of the way in question commenced by permission or license of defendant or his grantor, then the user can never ripen into an absolute title by prescription in the absence of a claim under adverse user or title.    If when, as testified by the

plaintiff, the defendant's grantor told the plaintiff that was her way (through the gate over her lot) it was for the jury to say whether the way referred to was the way the plaintiff had a right to use to get water, or whether it was the way which she would be permitted to use for that purpose.    Under the circumstances of this case, we are of opinion that this prayer should have been granted.

Finally, it also follows that the fourth prayer of the defendant should have been granted; because by it the Court was asked to instruct the jury that there was no legally sufficient evidence to show that the way was appurtenant to the plaintiff's lot, either as an easement or by way of grant, and their verdict must be for the defendant unless they find an adverse, notorious and continuous user for twenty years, and not by way of license or permission.    This proposition is in accordance with the views we have already expressed.

For the reasons given the judgment will be reversed.

*Judgment reversed and new trial*
*awarded.*

(Decided January 12th, 1904.)