# ROBERT A. WOOD vs. FREDERICK STEHRER.

*Deeds: restrictions and reservations in—; effect on heirs and assigns; on grantor's adjacent lands.*

A vendor may impose restrictions on land conveyed by him, for the benefit of his remaining land, in such a manner as to be binding, not only on the vendee, but on his assigns, even though they are not, strictly speaking, covenants running with the land.                                   p. 148

A vendor may also impose obligations upon his remaining land for the benefit of land conveyed by him, so that the restrictions shall bind his heirs and assigns.          p. 148

But the mere fact that the vendor has imposed restrictions on certain lots conveyed by him does not make the same restrictions binding upon his adjoining lands; and the fact that he binds himself by covenants in reference to restrictions, does not make them follow the land and bind his heirs.      p. 148

*Decided December 7th, 1912.*

Appeal from the Circuit Court of Baltimore City (HAR-LAN, C. J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, THOMAS, PATTISON and STOCKBRIDGE, JJ.

*H. Melvin Bull* and *Enoch Harlan,* for the appellant.

*Lawrence J. McCormick and Albert Ecke,* for the appellee.

BOYD, C. J., delivered the opinion of the Court.

This is an appeal from a decree sustaining a demurrer to the bill of complaint filed by the appellant against the appellee, and dismissing the bill. Louis J. Roth and Tobias Simon owned two parcels of ground on opposite sides of Dalrymple avenue, in the City of Baltimore, bounded on the east by Winfield avenue, and each being two hundred feet square. They conveyed to the appellant a lot fronting fifty feet on Winfield avenue and having a depth of one hundred and ninety feet, to an alley ten feet wide to be laid out and to be kept open along the westerly side of the two hundred feet south of Dalrymple avenue. The lot so conveyed was the southernmost part of that parcel, the beginning of it being on the westernmost side of Winfield avenue at a point distant one hundred and fifty feet southerly from the corner formed by the intersection of the westernmost side of Winfield avenue and the southernmost side of Dalrymple avenue. Messrs. Roth and Simon by deed dated November 12, 1908, partitioned their property, whereby Mr. Simon became the owner of the part of the parcel on the southernmost side of Dalrymple avenue, which had not been conveyed to the appellant fronting 150 feet on Winfield avenue and 190 feet on Dalrymple avenue. Mr. Simon died in 1910, and that property became vested in his four children and heirs at law. Two of them conveyed their interests to Aaron J. Simon who together with his sister and others conveyed it to Frederick Stehrer, one of the appellees, by a deed dated February 14th, 1912. The said Stehrer thus became the owner of 150 by 190 feet, while the appellant owned the adjoining lot of 50 by 190 feet, and they had the use of the alley in common.

The lot was conveyed to the appellant subject to certain restrictions, conditions and limitations, and he covenanted amongst other things that "no dwelling house shall be erected or permitted to be erected by himself, his heirs or assigns at a cost less than twenty-five hundred dollars, that no building shall be erected within thirty-five feet of the building line * * * that said lot of ground shall not be subdivided in lots less than fifty feet front on Winfield avenue." We have omitted some of the restrictions contained in the covenant as they are not claimed to be involved in this case. The parties of the first part (who were Mr. and Mrs. Roth and Mr. Simon) covenanted in the deed "that they will not grant, convey, assign or lease any of the ground they now own or shall hereafter acquire in the same locality as the above described lot of ground to anyone except under and subject to the aforesaid restrictions, conditions and limitations." The deed of partition is not in the record, but the one to Frederick Stehrer does not contain or refer to any of the restrictions, conditions or limitations mentioned in the deed to the appellant.

The bill alleges that the Oakland Realty Company, which was made a defendant, was furnishing or about to furnish the money which the defendant Stehrer was "about to use in the erection on the said lot of a closely built row of two-story brick houses, which houses will not cost $2,500 each; will not be thirty-five feet back from the building line nor on lots fifty feet in width." It also alleges that the houses will front on Dalrymple avenue, and their back yards will extend toward and in the direction of plaintiff's dwelling, which he had erected on his lot. It prays for an injunction to enjoin the defendants from erecting the row of two-story houses on the Dalrymple front of the lot, from which the plaintiff's property is carved, or from erecting on said lot any building except in conformity with the agreement and restrictions contained in the deed to plaintiff.

The restriction "that no building shall be erected within thirty-five feet of the *building line*" evidently referred to the "building line" on Winfield avenue, as that was the only avenue on which the lot conveyed to the appellant fronted, and there are several references to that avenue, which would indicate that such was the intention. Indeed, if that be construed to refer to both Dalrymple and Winfield avenues, and the lots were laid out so as to front fifty feet on Winfield avenue, as the deed authorized, the one nearest Dalrymple avenue would be useless, for if it could not be built upon within thirty-five feet of that avenue there would only be fifteen feet of the lot remaining. Then one of the provisions, which we did not refer to above, prohibited the erection of "any outbuilding, stable or henhouse" "within one hundred feet of the building line." That would prevent either of those buildings from being erected on any part of the first two lots of fifty feet fronting on Winfield avenue, if the "building line" be construed to refer to that of Dalrymple avenue, and appellant's contention be adopted. The bill does not in terms allege that the row of houses was to be built within thirty-five feet of Winfield avenue, and hence if that was the only restriction relied on there would be no ground for relief. It does allege generally that the houses will not be on lots fifty feet in width, but the restriction in that particular is "that said lot of ground shall not be sub-divided in lots less than fifty feet front on Winfield avenue." The deed filed with the bill shows that Stehrer's lot had 150 feet front on that avenue, and there is nothing to show that there would not be a depth of at least fifty feet from Dalrymple avenue for the block of houses and yards attached to them. So the only restriction that can properly be claimed to be for our consideration is the one in reference to the cost of the building.

There have been a number of decisions in this State in reference to such and other restrictions. The case of *Thurston v. Minke,* 32 Md. 487, is a leading one on the subject,

but it was between the original parties to the covenant, and in *Halle* v. *Newbold,* 69· Md. 265, the Court in speaking of that case and *Whitney* v. *Union R. Co.,* 11 Gray, 359, and *Clark* v. *Martin,* 49 Pa. St. 289, therein referred to with approval, said: "It will be observed that in each of the cases above cited, the grantor imposed the servitude or conditions upon the land he sold, in favor of the land that he retained. In the case at bar, the grantors imposed the condition upon the land they retained and in favor of the land they sold. But the principle is the same in both cases." The covenant under consideration in *Halle* v. *Newbold* was by the grantors "for themselves, their heirs, executors, administrators and *assigns,"* and the Court said: "When, therefore, the heirs of Caroline Donaldson" (the grantors) "created the easement" or servitude on their own lands, binding by express words their heirs and assigns in favor of the land then owned by Thomas Donaldson" (the grantee), "and by equally express words made the servitude attach to his heirs and assigns, such covenant can be enforced by and against any assignee with notice."

In *Newbold* v. *Peabody Heights Co.,* 70 Md. 493, the Court, after quoting at some length from *Tulk* v. *Moxhay,* 2 Phillips' Chancery, 774, said: "The principle thus clearly stated has been applied in a great variety of cases of restrictive covenants and agreements, both in the English and American Courts; and they all concur in holding that whoever purchases land upon which a former vendor or lessor has imposed an easement, charge or restriction in the manner of its use, such as would be enforced by a Court of Equity as against his vendee or lessee, the party purchasing the land with notice will take it subject to such easement, charge or restriction, however created." See also *Peabody Heights Co.* v. *Willson,* 82 Md. 186, *Summers* v. *Beeler,* 90 Md. 474, *Safe Deposit Co.* v. *Flaherty,* 91 Md. 489, *Dawson* v. *Western Maryland R. R. Co.,* 107 Md. 70, and *Foreman* v. *Sadler's Executors,* 114 Md. 574, for other cases in this State where the subject has been considered and passed on.

It will be seen from an examination of those cases that a vendor may impose restrictions on land he sells for the benefit of his remaining land in such manner as may be binding on the vendee and his assigns, although they are not what are strictly covenants running with land, and the vendor may likewise impose burdens upon his remaining land for the benefit of that sold so that his heirs and assigns may be bound by the restrictions. It is not essential that a tract be divided into a number of lots in order that these principles be applied. As was said in *Clark* v. *Martin,* 49 Pa. St. 289, approved by this Court in *Thurston* v. *Minke,* and *Halle* v. *Newbold*: "It is not because a plan is deranged that the Court interferes, but because rights are invaded, or about to be; and this fact may exist in a plan of two lots as well as in one of two hundred. The plan often furnishes the proof of the terms on which sales were made, but the fact of the alleged terms is as effective when proved by a single deed as when proved by a plan."

But it does not necessarily follow that, because a vendor has imposed restrictions on a lot sold by him, his adjoining land is to be subject to the same restrictions, or that because he binds himself personally by covenants in reference to restrictions that they are to follow the land and bind his heirs and assigns. As was pointed out in *Summers* v. *Beeler,* the question is one "of fact to be determined by the intention of the vendor and of the purchasers, and that question must be determined upon the same rules of evidence as other questions of intention." In this case the appellant and his grantors have manifested their intentions by inserting in the deed covenants which were to bind them respectively. There can be no question as to the restrictions intended to be imposed on the lot conveyed to the appellant, and as the deed includes the burden assumed by the grantors for their remaining property, we must look to it to ascertain what that was. The covenant does not provide that the grantors will use or hold the remainder of the property subject to the same restrictions imposed on the lot conveyed to the appellant. There is

nothing in it which would have prohibited the grantors from erecting such improvements as Stehrer was about to erect. If it was intended to attach to the land remaining in the grantors the restrictions, conditions and limitations imposed on the lot conveyed to appellant, surely it would have been so stated, but they only covenanted that "they will not grant, convey, assign or lease any of the ground," etc., except under and subject to the aforesaid restrictions, etc. As the covenant does not attempt to regulate the *use* of the remaining property by the grantors, and does not bind or refer to their heirs and assigns, it is not to be presumed that it was intended to include them. If the land descended to the heirs at law of Simon under the laws of Maryland, it cannot be said that there was a breach of the covenant, which only prohibited him from granting, conveying, assigning or leasing it, because he did not make some provision by which the restrictions would have been imposed on the property. In a word, unless the covenant had the effect of causing the restrictions to attach to the land, or to bind the heirs and assigns, the heirs at law would not inherit it subject to the restrictions and it clearly did not have such effect. If a creditor's bill had been filed to sell the land for the payment of Simon's debts, it could scarcely be said that it would have been sold subject to those restrictions. It could not have been, unless something be read into the covenant which the parties did not put there.

There are a number of cases in this State which determine that if it is intended to bind heirs and assigns by such restrictions it must be so stated, or at least there must be enough in the instrument to show that such was the intention. *Halle* v. *Newbold, supra, Ross* v. *McGee,* 98. Md. 389, *Dawson* v. *W. M. R. R. Co., supra, Md. & Pa. R. R. Co.* v. *Silver,* 110 Md. 510, and in a covenant such as this where they were apparently deliberately omitted we cannot enlarge the covenant by reading them into it. As was said in *Kemp* v. *Bird,* L. R. 5 Chy. Div. 974: "Persons who

are men of business as they are here are able to get protection and advice and they must make their covenants express so as to state what they really mean and they cannot get a Court of law or equity to supply something which they have not stipulated for, in order to get a benefit which is supposed to have been intended." If it was so intended, it would have been easy to have so framed the covenant that the restrictions would have attached to the remaining lands of the grantors, or to have covenanted for their heirs and assigns, as the grantee did in the covenant he entered into.

If the appellant will be injured by the erection of these houses, and he built his own dwelling supposing he would have the benefit of the restrictions, it is to be regretted, but we must construe the deed as we find it, and are of the opinion that the covenant of the grantors does not entitle the appellant to the relief sought by this bill, and there is nothing else in the deed or the record upon which he could base his claim for relief. It will therefore be unnecessary to discuss other questions and the decree will be affirmed.

*Decree affirmed, the appellant to pay the costs.*