WILLIAM R. WHITMARSH *v.* JAMES M. RICHMOND, SR., ET AL.

[No. 30, April Term, 1941.]

524

*Decided May 20th, 1941.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, and FORSYTHE, JJ.

*Frank B. Ober,* with whom were *Charles B. Hoffman* and *Ritchie, Janney, Ober & Williams* on the brief, for the appellant.

*John J. Neubauer* and *Francis X. McDonough,* for the appellees.

FORSYTHE, J., delivered the opinion of the Court.

The appeal in this case is from a decree of the Circuit Court No. 2 of Baltimore City, decreeing the specific performance of a contract of sale of real property, between the appellant and the appellees.

From the bill of complaint, it appears that on the 7th day of June, 1940, the appellees entered into a contract with Frank B. Ober, giving him an option to purchase the fee simple property, and improvements, known as No. 5021 Park Heights Avenue, in Baltimore City. The option was to be exercised within ninety days, but by a letter of February 1st, 1941, the option was extended, and by a letter of February 3rd, 1941, Mr. Ober notified the appellees that he "exercised" the option contained in the contract of June 7th, 1940, as extended by the letter of February 1st, 1941. On February 4th, 1941, Mr. Ober assigned all of his rights under the said "option and contract of purchase" to the appellant, William R. Whitmarsh.

The appellant declined to carry out the said contract of purchase, asserting as a reason therefor that certain restrictive covenants on the property prohibited its use for the purpose for which he was seeking to acquire it. Thereupon, this bill for specific performance was filed.

Testimony was taken, deeds, a plat and photographs of the property in question, and of the surrounding neighborhood, were filed as exhibits. From the oral testimony, and from the photographs included in the record, it appears that practically all of the properties adjacent to the property here involved now are being used for commercial purposes. The various business places consist of a drug store, restaurant, saloon, laundry, cleaning shop, market, bakery, delicatessen store, hardware store, two grocery stores, a bank, a cloak and suit shop, a doctor's office and a funeral establishment.

The restrictions objected to by the appellant were contained in a deed of January 9th, 1906, from the Denmore Land Company, of Baltimore City, to William C. Becker and Hattie E. Becker, his wife, under which deed,

after certain mesne conveyances, the appellees hold the present title. The restrictive covenants contained in the said deed are as follows:

"The parties of the second part, for themselves, their heirs and assigns, hereby agree not to erect any building upon the said lot that shall cost less than $3000.00, and

"That no factory, store, saloon, mill or manufacturing establishment of any kind or any other kind of business which may prove detrimental to the said surrounding property of the first party or which said party of the first part may deem detrimental to its property shall be on the lot hereby sold, it being understood and agreed that the parties of the second part are to build on the said lot for the purpose of a residence and for no other purpose. Any privy well which may be dug on the said lot shall not be less than five feet deep and shall be bricked and cemented.

"No fencing other than a hedge shall be erected on the said lot and it is further agreed by the parties of the second part that they, their heirs or assigns, shall not sell, lease or assign this property to any person of negro extraction."

It is stipulated by the parties in this case, that the property here involved comprises lots Nos. 9 and 10, on a recorded plat, a copy of which is filed as exhibit No. 7; that by deed of June 8th, 1910, William C. Becker and wife conveyed said lots to Charles R. Becker and wife, and that said deed contains no reference to the aforesaid restrictions, and does not impose any other restrictions on the property thereby conveyed.

Then, by deed of August 6th, 1910, the said Charles R. Becker and wife conveyed the said two lots to Rachel E. Richmond, which deed likewise contained no reference to any restrictions.

After the death of the said Rachel E. Richmond, intestate, the appellees here, as her heirs, became possessed of the said property.

It is further stipulated by the parties hereto that the Denmore Land Company obtained the large tract of land,

of which the two lots here involved is a part, without restrictive covenants of any kind, and it is in the conveyance of the Denmore Company that any restrictive covenants first appear. Also, it is stipulated that the Denmore Land Company was dissolved on November 8th, 1907, and that the company before its dissolution, and the receiver for the company, conveyed a number of lots in the same development, some under the same restrictions as the lots here involved, some with different restrictions, and some without any restrictions at all.

The appellant contends that he sought the property for the special purpose of using it as a gasoline, and service station, and the testimony discloses that the Board of Zoning Appeals of Baltimore City passed a resolution, without protest, authorizing the construction of a gasoline and service station on the property.

In dealing with questions involving restrictive covenants, this court has held "that a sound public policy favors the free and unrestricted use of land by the legal holder, and therefore alleged restrictive covenants should be construed strictly against the establishment and effect of such covenants, and liberally in support of the free use of the land." *Ferguson v. Beth-Mary Steel Corp.,* 166 Md. 666, 672, 172 A. 238, 240; *McKenrick v. Savings Bank of Baltimore,* 174 Md. 118, 197 A. 580; *Hutchinson v. Ulrich,* 145 Md. 336, 34 N. E. 556; 7 *R. C. L.* p. 115 sec. 31; 14 *Am. Jur.* p. 621, sec. 212.

In considering a situation very similar to that presented in this case, this court said in *Safe Deposit Co. v. Flatherty,* 91 Md. 489, 46 A. 1009, that the placing of restrictions on a part of a tract of land sold without similiar restrictions on other lots retained or sold, indicated the absence of any general plan of the land of which a part is sold. See also *Foreman v. Sadler's Executors,* 114 Md. 574, 80 A. 298.

In the deed of January 9th, 1906, wherein the restrictions on this property first were mentioned, there is no undertaking on the part of the grantor to subject the adjacent land, which at the time was owned by it, to similar

restrictions, and thus secure to its other grantees a mutuality of benefit as the basis of their right to enforce restrictions *inter sese*. Nor does it appear from anything in this case that there was a common scheme, or uniform plan of development of the land in the Denmore development. Some of the lots carried varied restrictions, and some were under no restrictions at all. The property now is within the first Commercial Zone of Baltimore City. And when it appears there is no general scheme or uniform plan of development, which is shown by the fact that not all of the lots were under restrictions, the covenant cannot be enforced. 14 *Am. Jur.* p. 656, sec. 319; *Wood v. Stehrer,* 119 Md. 143, 86 A. 128; *Ross v. McGee,* 98 Md. 389, 56 A. 1128; *Halle v. Newbold,* 69 Md. 265, 14 A. 662.

The restrictions imposed by the Denmore Company in the deed of January 9th, 1906, were clearly for the benefit of the company, and not for the benefit of its successors, and assigns. The record contains no evidence sufficient to establish, as a fact, that in imposing the restrictions in this instance, as well as in other conveyances, the Denmore Company intended the restrictions should be for the common advantage of all purchasers of lots in the same development, or that subsequent purchasers so understood. The fact that not all lots were sold subject to restrictions indicates most clearly that such was not the intention, or understanding of the company, or of the purchasers. In *Summers v. Beeler,* 90 Md. 474, 45 A. 19, 21, 48 *L. R. A.* 54, 78 this court said:

"Where the same vendor, selling to several persons plots of land, parts of a larger property, exacts from each of them covenants imposing restrictions upon the use of the plots sold, without putting himself under any corresponding obligation, it is a question of fact whether the restrictions are merely matters of agreement between the vendor himself and his vendees, imposed for his own benefit and protection, or are meant by him, and are understood by the buyers, to be for the common advantage of the several purchasers. If the restrictive

covenants are simply for the benefit of the vendor, purchasers of other plots of land from the vendor cannot claim to take advantage of them. * * *

"The question whether it is intended [that] each of the purchasers shall be liable, in respect of those restrictive covenants, to each of the other purchasers, is a question of fact, to be determined by the intention of the vendor and of the purchasers, and that question must be determined upon the same rules of evidence as any other question of intention."

The Denmore Company has been dissolved. All of its property in this development has been disposed of, and there is no one to enforce restrictions on its behalf. Equity would not now entertain a cause for that purpose. *Boyd v. Park Realty Corp.*, 137 Md. 36, 111 A. 129; *Sellman v. Sellman*, 63 Md. 520; *Berryman v. Hotel Savoy Co.*, 160 Cal. 559, 117 P. 677; 7 *R. C. L.* p. 1105, sec. 20.

The restrictions imposed on the property here involved are unenforceable because of the fact, very clearly shown by the photographs offered in evidence, and as also stipulated, the property now is in a commercial district.

The reason for the enforcement of a restrictive covenant of the nature of those in this instance has entirely ceased, and, as held by this court, equity will not enforce a covenant when to do so would be to encumber the use of the land, without at the same time achieving any substantial benefit to the covenantee. *Summers v. Beeler, supra; Adams v. Plaza Construction Co.*, 157 Md. 674, 145 A. 483; *Himmel v. Hendler*, 161 Md. 181, 155 A. 316; *Legum v. Carlin*, 168 Md. 191, 177 A. 287, 99 A. L. R. 536; *Hurd v. Albert*, 214 Cal. 15, 5 P. 2nd 545.

Also, it has been widely held "that restrictive covenants will be limited to such times as seems reasonable from the nature of the case. The restrictions will not be construed as extending for a longer period of time than the nature of the circumstances, and the purpose of their imposition, would indicate as reasonable for the duration of their enforcement, without undue and inequitable prejudice to the property rights purchased and

acquired by the original grantee, and his successors in title." 14 *Am. Jur.* p. 615, sec. 205; *Gardner v. Maffitt*, 335 Mo. 959, 74 S. W. 2nd 604; *Barton v. Moline Properties*, 121 Fla. 683, 164 So. 551; *Humphreys v. Ibach*, 110 N. J. Eq. 647, 160 A. 531; 14 *Am. Jur.* p. 615, sec. 202, p. 656, sec. 319.

For the reasons here stated, the decree of the Circuit Court No. 2 of Baltimore City must be affirmed.

*Decree affirmed; appellant to pay the costs.*