## YORKWAY APARTMENTS, Incorporated *v.* DUNDALK COMPANY

[No. 40, April Term, 1942.]

*Decided May 27, 1942.*

648

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Frederick H. Hennighausen* for the appellant.

*Charles C. G. Evans,* with whom were *Marbury, Gosnell & Williams* on the brief, for the appellee.

MARBURY, J., delivered the opinion of the Court.

This is a bill for specific performance, brought by the proposed vendor, the appellee here, on a contract to sell certain land in Dundalk to the appellant. In this contract, it is stated that the purchaser is desirous of erecting on the property "for residential purposes, groups of buildings, each group to consist of two or more buildings to be erected in a row side by side, and each building to contain four separate apartments, two on the first floor and two on the second floor." There is a proviso that the purchaser is not obligated under the contract "unless, under the terms and provisions of the deed conveying the property to it, it, its successors and assigns, shall be permitted to erect on said property buildings of the type hereinbefore specified, each of such buildings being intended for occupancy by four families."

The property is to be conveyed by the appellee, subject to certain restrictions, covenants and conditions contained in deed which it received from the Bethlethem Steel Company in 1940. It is claimed by the appellant that certain clauses in that deed embody restrictions which will prevent it from constructing buildings of the type above set out, and, therefore, it declines to carry out the contract.

The Bethlehem deed provides that the land shall be used for residence purposes only, and no building of any kind whatsoever shall be erected or maintained thereon except dwelling houses and private garages. Exceptions are made for schools, churches, libraries, art galleries, museums and studios or buildings for recreative, educational, religious or philanthropic purposes, to be approved by the grantor. It is also stated that "detached and/or

semi-detached houses only may be erected and maintained on the plots fronting on Liberty Parkway; detached, semi-detached and/or attached houses may be erected or maintained on plots fronting on other streets." "Detached house" is defined as meaning a free standing dwelling, intended for occupancy by not more than two families. "Semi-detached house" is defined as one of a pair of dwelling units arranged side by side, separated only by a common wall, each intended for occupancy from basement to roof by one family. "Attached house" is defined as one of a group or row of three or more dwelling units arranged side by side, separated only by common walls, each unit intended for occupancy from basement to roof by one family.

The land which the appellant is buying does not front on Liberty Parkway, but it is claimed that the sense of of the restriction is that only attached houses which come within the above definitions may be erected on plots fronting on other streets, and, therefore, the appellant cannot build the kind of houses it proposes on any of the streets within the tract it is buying.

We think the use of the land for the kind of two-story appartments proposed to be constructed by the appellant is a use for residence purposes. That was indicated in the case of *Saratoga Building Co. v. Stables, Inc.*, 146 Md. 152, 128 A. 270, 271, where it was said: "The words 'residence purposes' are susceptible of being construed as including the erection of a residential apartment house, and in view of the conditions shown by the record, we think such a construction is reasonable and should be adopted."

The only remaining question is whether the statement that "detached, semi-detached, and/or attached houses may be erected or maintained on plots fronting on other streets" is a restriction on the erection of any other kind of dwellings on such streets. In this connection, the first clause of the same paragraph is important, because it provides that detached and/or semi-detached houses "only" may be erected and maintained on lots fronting on

Liberty Parkway. It is claimed on the one hand that the naming of these kinds of houses excludes all other houses, and on the other hand, that the use of the word "only" in one part of the clause and its absence in the other part indicates that the first part only is a restriction.

The rule of construction with respect to restrictions on land is much more strict than that commonly employed with respect to ordinary contracts. The policy of the law is in favor of the free transfer of land. Restrictions are to be strictly construed against the grantor, and are not to be extended beyond the actual wording of the instrument creating them. The cases are collected and analyzed in one of the recent opinions of this court, delivered in the case of *McKenrick v. Savings Bank*, 174 Md. 118, 197 A. 580. The same rules are re-affirmed in the case of *Whitmarsh v. Richmond*, 179 Md. 523, 20 A. 2d 161. In another case it was said, quoting in part 18 *C. J.*, 387, "* * * Where the language employed to express a restrictive covenant so far involves a doubt as to require construction, the rule is that such covenants are to 'be strictly construed against the person seeking to enforce them,' and that 'all doubts must be resolved in favor of natural rights and a free use of the property.'" *Bartell v. Senger*, 160 Md. 685, 693, 155 A. 174, 177.

The grantee in the Bethlehem deed had the right, unless restricted by its terms, to construct any sort of dwelling house it desired upon the property. A restriction was placed upon the land fronting on Liberty Parkway, but in view of the rules of construction above set out, we cannot say that the last part of the clause relied on, restricted its right to construct only the types of dwellings enumerated. The point is narrow, but there is a doubt what was meant by this last clause. In view of that doubt, we construe it in favor of the free use of the land for residential purposes, which permits the erection of the kind of apartment houses desired by the appellant.

Testimony was taken to show the intention of the parties to the Bethlehem deed. Such testimony indicated that the type of construction contemplated will not violate

the original intention. We have considered this testimony but we have not relied upon it for our decision, because of the obvious danger of accepting oral testimony to explain written instruments, after a change in conditions. In this case it is not necessary to consider this question, because, in our view, there is no such restriction on the property as will prevent the appellant from using it in the way it contemplates.

On another phase of the matter, the testimony is instructive, although not conclusive. That is the question, whether, under the circumstances in this particular case, the restriction attempted to be imposed are enforceable. It is not necessary for us to pass upon this question, in view of our conclusion upon the wording of the proposed restriction, and we expressly refrain from so doing. We mention it, however, because we do not wish to be understood as holding that any of these restrictions are valid and enforceable merely because we have not discussed that particular point.

The court below directed that the contract of sale between the appellant and the appellee be specifically enforced, and with that decision we are in accord.

> *Decree affirmed. Costs to be paid by the appellant.*