NEEDLE *v.* CLIFTON REALTY CORPORATION

[No. 206, October Term, 1949.]

*Decided June 8, 1950.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

Submitted on brief by *Moses J. Cohen* for the appellant.

Submitted on brief by *Israel M. Joblin* for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

This is a suit for specific performance brought by Clifton Realty Corporation to compel Philip I. Needle to comply with his contract to purchase seven building lots on the southwest side of Reisterstown Road in Reis-Villa, a development in the City of Baltimore.

The contract was executed on July 8, 1949. Complainant alleged that it agreed to sell the seven lots to

defendant for $14,000, and defendant made part payment of $1,500 and agreed to pay the balance on or before September 8, 1949, but defendant refused to comply with the contract. Defendant alleged in his answer that the lots have been classified under the Baltimore City Zoning Ordinance in a First Commercial Use District, and that he agreed to buy the lots with the intention of erecting commercial property thereon; but upon examination of the title he discovered that the land was subject to the restriction that it may be used for residence, but not for commercial purposes. For that reason he refused to consummate the transaction.

The chancellor held that complainant has a good and marketable title to the property, and ordered defendant, upon receiving a deed for the property, to pay complainant the balance of $12,500, with interest from September 8, 1949. From that decree defendant appealed.

It appears that Reis-Villa was developed in 1922. In that year A. J. Watkins Realty Corporation divided its tract of land into 344 lots. During the next thirteen years from June, 1922, to April 1, 1935, the corporation sold 287½ lots. Among these were the lots in question, lots 7, 8, 9, 10, 11, 12 and 13 on block 4 of the plat, which were conveyed to Hyman Brothman and wife on December 17, 1923, and are now owned by Clifton Realty Corporation.

All of the lots sold during the period from 1922 to 1935 were conveyed subject to substantially the same restrictions. The basic covenant is that no building other than a dwelling shall be erected, except a stable or garage pursuant to a waiver signed by the vendor, or its successors, which waiver will not be granted until the dwelling is completed.

The additional covenants include the following restrictions:

(1) No dwelling shall be erected except upon plans and specifications first approved by the vendor. No house of the flat roof type shall be erected. The minimum cost of any dwelling erected south of Maple Street shall

be $2,500; on lots facing Holbrook Avenue, Kensington Avenue, Sherbrook Avenue, Maple Street and Villa Place, $3,500; and on lots facing Reisterstown Road, $5,000.

(2) The vendor reserves the right to enter upon the premises at any time prior to the erection of a dwelling to cut grass, remove weeds, and plant flowers and trees, and also to enter along the back line thereof to install electric light or telephone wires.

(3) No lot or building thereon shall be sold, leased or transferred to or occupied by any Negro or person of Negro descent, this provision not to include occupancy by any servant or employee of owner or occupant.

(4) No cattle, swine, horses or other live stock shall be kept on the property, and chickens shall be enclosed on the property of the owner.

It is undisputed that these restrictive covenants were included in the deed to Hyman Brothman and wife, and that the seven lots now in question were included among the lots conveyed by that deed. However, this development, which was originally intended for a residential section, grew into a thriving business district. In 1932, ten years after the lots were first offered for sale, the Mayor and City Council of Baltimore, in pursuance of the City Zoning Ordinance enacted in 1931, designated all of the lots in Reis-Villa on Reisterstown Road, excepting twelve in block 1 in the northern end of the development, but including the seven now in question, as being located in a First Commercial Use District.

The Watkins Realty Corporation, or, as it was later called, Kensington Realty Corporation, has disposed of all of its lots in the entire tract and has no further interest in enforcement of the restrictive covenants. No lots were sold by the corporation for a period of nearly ten years from April, 1935, to December, 1944. On December 30, 1944, Kensington Realty Corporation conveyed all of its unsold lots to John F. Brady, Jr., and wife; and in 1947 the Bradys conveyed the lots to John A. Farley, president of Kensington Realty Corporation. After this suit was instituted, complainant petitioned

the Court to allow Kensington Realty Corporation to be made a party defendant. When it was shown that this corporation had sold all of its lots and had no further interest in the development, the chancellor properly dismissed the petition.

While the restrictive covenants were presumably intended for the benefit of the purchasers of other lots, it is apparent that if there was a general plan of having the covenants binding on all of the lots in the development, such plan was abandoned, for neither the deed to the Bradys nor the deed by them contained any restrictions. It appears from the record that the City of Baltimore, during the period of fifteen years from November, 1928, to October, 1943, sold 82 lots in various parts of Reis-Villa for nonpayment of taxes, and these were never redeemed. It also appears that 43 of these lots still belonged to Kensington Realty Corporation, which had never imposed any restrictions on them.

Reisterstown Road is now a heavily traveled thoroughfare, and all of the properties on Reisterstown Road in Reis-Villa are commercial. This section now contains grocery stores, drug stores, bakeries, taverns, restaurants, gasoline filling stations and industrial concerns. It even appears that some of the lots in Reis-Villa that are subject to the restrictions are nevertheless being used for commercial purposes. As recently as 1947 the Board of Zoning Appeals of Baltimore City approved an application for a permit for the erection of a garage and filling station on the southwest corner of Reisterstown Road and Holbrook Avenue just opposite lot 13, one of the lots in question.

Under the existing circumstances the restrictive covenants in the deed of December 17, 1923, are no longer effective for the purpose for which they were imposed. It is clear that the purpose of the restrictions was to make the locality a suitable one for residences. However, owing to the development of the neighborhood as a business district, this purpose can no longer be accomplished. It would be inequitable and oppressive to

give effect to those covenants. It is now settled that a court of equity in a proper case may remove restrictions as a cloud on title by means of a decree for specific performance. *Whitmarsh v. Richmond,* 179 Md. 523, 20 A. 2d 161; *Talles v. Rifman,* 189 Md. 10, 53 A. 2d 396; *Norris v. Williams,* 189 Md. 73, 78, 54 A. 2d 331, 4 A. L. R. 2d 1106.

As the restrictive covenants in this case are not enforceable, the decree of the chancellor ordering defendant to comply with the contract will be affirmed.

*Decree affirmed, with costs.*