# ELIZABETH TRACY LOWES

## *vs.*

## M. FILMORE CARTER.

*Deeds: records; constructive notice; Acts of 1766, Chapter 14;*
*restrictive covenants; on land retained by grantor; valid-*
*ity of—; need not be by separate instrument.*
*Equity : appeals; condensation of record.*

In general, implied notice from a recorded deed is held to
exist only in reference to instruments which by law are re-
quired or authorized to be recorded.                              p. 684

Under section 1, Chapter 14 of the Acts of 1766, all rights,
encumbrances or conveyances, touching or in any wise concern-
ing land should appear on the public land records.           p. 684

Restrictions imposed by deed on lands retained by the grantor
constitute easements in favor of the property conveyed.  p. 685

Where a grantor conveys one of several lots of ground and,
in the conveyance, imposes restrictions as to building, use, etc.,
upon the lot conveyed as well upon the others by a covenant
declaring that each and every one of the lots should be subject
to all of the restrictions, "whether the said lots should be sold
or retained by the grantor," and such deed is duly recorded,
subsequent grantees, who take any of the lots, under the cove-
nantors, are charged with constructive notice of such restric-
tions, and are bound thereby.                                    p. 683

Such covenants are within the scope and provisions of the
Registration Acts.                                               p. 685

Such agreements, under the record laws, need not be recorded
in the form of separate instruments.                             p. 685

The right conferred, as appurtenant to a granted lot, to en-
force the prescribed method of improvement as to the remain-
ing parcels, is a valuable and important consideration for the
purchase.                                                        p. 685

One who obtains his title to real estate through the fore-
closure of a mortgage, which was executed after an easement
which he combats had become a matter of public record, is
chargeable with implied notice of its existence and effect. p. 686

While the rules of the Court of Appeals providing for the abbreviation of records on appeal in equity cases do not refer to a condensation of the report of the oral testimony, an agreement to summarize such evidence, as well as the documentary proof, is in harmony with the spirit and purpose of the rules, and should be resorted to whenever practicable.                     p. 686

*Decided January 13th, 1915.*

Appeal from the Circuit Court No. 2 of Baltimore City. (AMBLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Geo. Dobbin Penniman* and *Jefferson D. Norris,* for the appellant.

*Osborne I. Yellott,* for the appellee.

URNER, J., delivered the opinion of the Court.

In June, 1906, the appellant purchased from Frank H. Phelps a lot of ground in the suburbs of Baltimore forming part of a subdivision known as "Ridgewood Park." At that time Mr. Phelps was the owner of the greater part of the land embraced in the subdivision. His deed to the appellant which referred to a plat of all the lots in Ridgewood Park, contained covenants that the lot conveyed should be used for residence purposes only; that not more than one dwelling should be built on the lot, and at a cost of not less than $3,500.00; that the front of the dwelling should conform to the line already established by other buildings on the same side of the avenue on which the appellant's lot abutted; that no stable should be erected within seventy-five feet of any street, and that no fence or detached outbuilding should be maintained on the premises. These covenants were expressed as binding the grantee and her heirs and assigns, and as running with the land, for the ensuing period of fifteen years. They were followed in the deed by a covenant on the part of the grantor "that each and every one of the lots of ground now owned by the said party of the first part in Ridgewood

Park, as designated on the plat above referred to, shall be subject to all of the restrictions above enumerated, whether the said lots be sold or retained by the said party of the first part, not to include any temporary structures used in connection with improving property."

Subsequently to this conveyance Mr. Phelps executed deeds for other lots in the subdivision which were subjected to restrictions similar to those just mentioned. In 1912 he mortgaged seventeen of the lots then remaining in his ownership to secure a loan of $14,000.00. The mortgage contained no restrictions as to the use of the property and made no reference to the covenant for that purpose in the appellant's deed. Upon a foreclosure of the mortgage the seventeen lots it covered were sold and the title conveyed to the appellee, who was thereafter preparing to build fourteen dwellings on five of the lots, at a cost of $3,250.00 for each of the houses, when he was required to meet the present suit for an injunction.

The theory of the appellant's bill is that the effect of the covenants in her deed was to subject the grantor's remaining lots to the specified restrictions and to bind his subsequent grantees to their observance. It is accordingly asserted that the appellee, having purchased a part of the land after the restrictions had been thus imposed upon it by an instrument duly executed, acknowledged and recorded, is bound by the covenants and is acting in violation of their terms in undertaking to erect more than one dwelling upon a single lot as platted and at less than the prescribed cost. The appellee's answer to the bill relies upon the fact that the mortgage under which he obtained title placed no limitations upon the use of the property, and avers that when he received his deed for the lots upon which he was about to build, he had no knowledge of the covenants upon which the appellant bases her suit. It is denied that the restrictions in question have any binding effect upon the remaining land of the grantor, and it is alleged that their insertion in the appellant's deed afforded

no constructive notice of their existence or terms to subsequent purchasers.

The proof in the case shows that the appellee had no actual knowledge of the covenants in the appellant's deed until after his own title had been acquired. It appears from the testimony that while the title was examined and insured for the appellee by a title guaranty company, and while the conveyance to the appellant was noted in the course of the investigation, her deed was not scrutinized further than was necessary to ascertain that it did not grant any of the lots bought by the appellee, and the restrictions contained in the recorded instruments were consequently not observed. The absence of actual knowledge on the part of the appellee as to the provisions here in controversy being satisfactorily shown by the evidence, and the Court below being of opinion that no constructive notice resulted from the recording of the covenants in the appellant's deed, the conclusion was reached that there was no ground for the relief sought by the bill of complaint, and it was accordingly dismisesd.

The nature of the interest created by covenants imposing conditions like those now under inquiry upon the use of land conveyed or reserved has been considered and settled by repeated decisions of this Court. In the case of *Thruston* v. *Minke,* 32 Md. 487, it was held that the effect of a restriction as to the height of a building to be erected on a leased lot of ground, adjoining another building of which the lessor was an owner, was to create a right or interest in the nature of an incorporeal hereditament or easement appurtenant to the contiguous property and arising out of the parcel of land demised by the lease. The opinion in that case quoted, as appropriate to the facts there under review, the rule stated in *Whitney* v. *Union R. Co.,* 11 Gray, 359, that: "When it appears, by a fair interpretation of the words of the grant, that it was the intent of the parties to create or reserve a right in the nature of a servitude or easement in the property granted, for the benefit of the other land owned

by the grantor, and originally forming, with the land con-
veyed, one parcel, such right shall be deemed appurtenant
to the land of the grantor, and binding on that conveyed to
the grantee, and the right and burden thus created will re-
spectively pass to and be binding on all subsequent grantees
of the respective parcels of land." This principle was said
in *Halle* v. *Newbold,* 69 Md. 271, to be equally applicable
whether the conditions or servitudes were imposed upon the
land conveyed in favor of that retained, or upon the land
reserved in favor of that granted. The question in the latter
case was whether a covenant in a deed as to the character
and cost of buildings to be erected on the ground retained by
the grantor constituted such an incumbrance as to relieve
from his purchase one who had contracted for a clear title.
It was held that the covenant created an easement or servi-
tude on the land, and that it was, therefore, encumbered
within the meaning of the agreement of sale. The decisions
of this Court to which we have just referred were cited in
*Newbold* v. *Peabody Heights Co.,* 70 Md. 500, as supporting
the general doctrine that a restrictive covenant between a
vendor and vendee, in respect to the use of the property, is
enforceable in a court of equity regardless of the question as
to whether or not in a legal sense it could be said to run with
the land. In *Peabody Heights Co.* v. *Willson,* 82 Md. 198,
the same rule was applied, and the inquiry whether the con-
ditions limiting the use of the property involved in the suit
created a servitude or easement affecting the title was an-
swered in the affirmative. A similar characterization of such
restrictive covenants was adopted in *Summers* v. *Beeler,* 90
Md. 479; *Safe Deposit Co.* v. *Flaherty,* 91 Md. 499; *Fore-
man* v. *Sadler's Executors,* 114 Md. 577, and *Wood* v. *Steh-
rer,* 119 Md. 147; and the principle of these cases was ap-
plied also in *Russell* v. *Zimmerman,* 121 Md. 340, and *Lin-
thicum* v. *W., B. & A. Electric R. Co., ante,* page 263.

In some of the cases cited the question was whether the
covenant, while admittedly effective as between the original

parties, was so expressed as to be binding on their successors in title. The settled rule was said by CHIEF JUDGE BOYD, in *Wood* v. *Stehrer, supra,* to be that "if it is intended to bind heirs and assigns by such restrictions, it must be so stated, or at least there must be enough in the instrument to show that such was the intention," and because the covenant in that instance did not refer to the heirs and assigns of the grantors, or provide that they should "use or hold the remainder of the property subject to the same restrictions imposed on the lot conveyed," it was held to be a mere personal agreement of the grantors which was not enforceable against other proprietors.

The language of the covenant we are now considering admits of no doubt that it was intended to bind the reserved land of the grantor not only while he held the title, but also after it had passed from his ownership. It was declared that "each and every one of the lots" should be "subject to all of the restrictions," "whether the said lots be sold or retained" by the grantor. This is a clear indication of a purpose to impose upon the lots, and their present and future owners, the restrictions which the covenant prescribed for their common benefit.

In holding that covenants creating such limitations may, if they manifest that intent, be enforced against the grantees of the original covenantors, the decisions we have cited on that subject have uniformly indicated that such a right could be asserted only against those acquiring title *with notice* of the restrictions. This was recognized as a reasonable and just qualification to be mentioned in connection with a statement of the general rule, but in none of the cases referred to was any intimation required or given as to the nature of the notice which would be necessary and sufficient to charge the assigns of the grantor with the observance of the covenant. In each instance the party sought to be bound by the restrictive conditions appeared to have actual knowledge of their terms. It was, therefore, not essential in the former cases

to decide whether *constructive* notice was sufficient to support such a liability, and that question is now presented to this Court for the first time.

It is the theory of the defense that a covenant with respect to restrictions in the use of land is not within the purview of our registration laws, and that consequently the recording of such an agreement does not give constructive notice of its stipulations.

The rule is that implied notice is held to exist only in reference to instruments which are required or authorized to be recorded. *Harbor Co.* v. *Smith,* 85 Md. 543; *Glenn* v. *Davis,* 35 Md. 215; *Johns* v. *Reardon,* 3 Md. Ch. 57. By section 1 of Article 21 of the Code it is provided that: "No estate of inheritance or freehold, or any declaration or limitation of use, or any estate above seven years, shall pass or take effect unless the deed conveying the same shall be executed, acknowledged and recorded" as therein directed. There is a further provision, in sec. 28, that: "Every bond, writing obligatory or contract for the conveyance of real estate, or any interest or estate of, in or relating to real estate, * * * may be executed, acknowledged and recorded in the same manner as deeds of real estate are required by this article to be executed, acknowledged and recorded, and as if such bonds, writings obligatory and contracts were deeds as aforesaid." In the opinion delivered in the case of *Hays* v. *Richardson,* 1 G. & J. 384, it was said to be the design of the section first quoted, as enacted by Chapter 14 of the Acts of 1766, "that all rights, incumbrances or conveyances, touching or in any wise concerning land, should appear on the public records." This statement as to the effect of the statute was adopted in *U. S. Ins. Co.* v. *Shriver,* 3 Md. Ch. 384, and in *Harbor Co.* v. *Smith, supra.* The last cited case applied the principle of constructive notice to an agreement, duly executed, acknowledged and recorded, relating to the use of certain real estate by one of the contracting parties for a specified period, after which it was to be held jointly by both parties for such uses

as they should mutually determine. The question was decided upon a construction of section 3 of the Act of 1831, Chapter 205, which provided, like section 28 of Article 21 of the Code, that writings obligatory or contracts for the conveyance of any interest or estate in or relating to lands might be recorded if duly executed and acknowledged.

In view of the interpretation thus placed upon our registration Acts it is clear that such a covenant as the one with which we are here concerned is included within the scope of their provisions. According to the repeated expressions of this tribunal the restrictions imposed by the deed on the land retained by the grantor constitute an easement in favor of the property conveyed, and, as stated in *Dawson* v. *Western Md. R. Co.,* 107 Md. 93: "It has been settled by a long line of decisions in this State that our statute, requiring deeds conveying an estate of inheritance or freehold, or any declaration or limitation of use, or any estate above seven years, to be executed, acknowledged and recorded as therein provided, is applicable to grants of or covenants for easements in land. *Hays* v. *Richardson,* 1 G. & J. 366; *Carter* v. *Harlan,* 6 Md. 20; *Long* v. *Buchanan,* 27 Md. 516; *Polk* v. *Reynolds,* 31 Md. 112; *Rayner* v. *Nugent,* 60 Md. 519; *Shipley* v. *Fink,* 102 Md. 219."

The covenant in question undoubtedly vested in the grantee a substantial interest in the reserved real estate. The right conferred, as appurtenant to the granted lot, to enforce the prescribed method of improvement as to the remaining parcels, was a valuable and important consideration for the purchase. It was the evident design of the parties that the interest or easement thus contracted for should be securely vested in the vendee and given all the protection which the law affords. To that end the covenant was inserted in the deed for the lot, to which the right was appurtenant, and placed upon the public land records. The statute does not require that such an agreement shall be recorded in the form of a separate instrument. The method adopted was practical and appropriate and was authorized by the law as

a means of safeguarding the rights created by the deed against adverse interests of later origin. In our opinion, this purpose has been accomplished in the present case. As the appellee obtained his title through the foreclosure of a mortgage which was executed after the easement which he is now contesting had become a matter of public record, he is chargeable with implied notice of its existence and effect, and must be held to have acquired his property subject to the conditions thus imposed.

The principles which control the decision of the question before us have been so well established by the decisions of this Court that we do not find it necessary to discuss the cases in other jurisdictions to which we have been referred, but those which appear to be most analogous to the case at bar produced conclusions which are in accord with the one we have here announced. *King* v. *Union Trust Co.,* 226 Mo. 351; *Mott* v. *Oppenheimer,* 135 N. Y. 312; *Holt* v. *Fleischman,* 78 N. Y. Supp. 647; *Boyden* v. *Roberts,* 131 Wis. 659.

The record in this case was greatly reduced in volume as the result of an agreement by counsel upon a synopsis of the testimony and exhibits to be adopted in lieu of a formal transcript of the stenographer's report of the evidence, it being mutually agreed that it was unnecessary for the proper determination of the issues in the case that the proof should be set out *in extenso.* The action thus taken to abridge the record and minimize the costs of the appeal merits an expression of our approval. While the rules of this Court providing for the abbreviation of records on appeal in equity cases (Code, Art. 5, secs. 34, 35) do not refer to a condensation of the report of the *oral* testimony, an agreement to summarize such evidence, as well as the documentary proof, is in harmony with the spirit and purpose of the rules, and should be resorted to whenever practicable.

The decree will be reversed and the cause remanded in order that the relief sought by the bill of complaint may be granted.

*Decree reversed, with costs, and cause remanded.*