843 A.2d 147

**Daniel BEINS**

**v.**

**Darryl R. ODEN, et al.**

**No. 1388, Sept. Term, 2002.**

Court of Special Appeals of Maryland.

Feb. 26, 2004.

238

John J. Beins (Beins, Goldberg & Gleiberman on the brief), Washington, DC, for Appellant.

Brian E. Barkley (Gregory S. Weiner, McEvoy & Dean on the brief), Julia A. Martz–Fisher (Martz, Fisher & Drawbaugh on the brief), Frederick, for Appellee.

Panel: DAVIS, SALMON, and RAYMOND G. THIEME, JR. (Ret'd, Specially Assigned), JJ.

RAYMOND G. THIEME, Jr., Judge, Ret'd, Specially Assigned.

This case presents the question of the binding effect of a restrictive covenant placed upon the land by a common owner not recorded in the direct chain of title to the burdened estate but recorded in the direct chain of title of the benefited property.

Appellants, Daniel and Kelly Beins, are the owners of certain real property located in Frederick, Maryland. They appeal a decision by the Circuit Court for Frederick County granting the Motion for Summary Judgment of Darryl R. Oden and Charles and Marie Hoppe, appellees, declaring the existence of an express easement over their property.

## STATEMENT OF FACTS

The location of the following properties and the questioned easement are shown on the attached survey. Appellants are the fee simple owners of Lot 219 in Frederick, Maryland.[1] They purchased the property on January 30, 1998, from Darryl Oden. Appellees are the previous owners of Lot 219.

---

1. The street address is 600 Lee Place.

Darryl Oden is now the fee simple owner of Lot 220,[2] and Charles and Marie Hoppe, the fee simple owners of Lots 205 and 206.[3] Lots 219 and 220 are located next to each other. The lots front on Lee Place road. Lots 205 and 206 are located behind Lots 219 and 220 and front on Wilson Place road.

These four lots were held by Melvin and Belva Oden. On March 22, 1983, the Estate of Melvin P. Oden conveyed Lot 220 to an unnamed Trust (Clifford R. Bridgeford, Trustee). Lot 220 was later conveyed to Larry and Darryl Oden by deed dated September 19, 1985. The remaining three lots, 219, 205 and 206, remained in the common ownership of Belva A. Oden.

On September 11, 1986, the Estate of Belva Oden conveyed Lots 205 and 206 to Harold and Sandra Long. This deed contained the following easement:

ESPECIALLY TOGETHER WITH a twenty (20) foot wide non-exclusive, perpetual right-of-way for ingress and egress to Lots 205 and 206 One Hundred (100) feet in length from Meade Avenue across the rear Twenty (20) foot portion of Lots 219 and 220 on a Plat of subdivision dated February 15, 1937, entitled "Subdivision of Portion of 'VILLA ESTATES for RAYMOND I. FORD'" AND RECORDED IN Plat Book 2, page 84, among the Plat Records of Frederick County, Maryland; the southeast edge of said right-of-way being the line of division between Lots 205 and 206 and Lots 219 and 220 on the above mentioned plats[.]

The right-of-way contains a gravel driveway located at the rear of Lot 219, appellants' property, and Lot 220, appellee Oden's property, leading to a garage located on Lots 205 and 206, the Hoppes' property. By Deed dated April 20, 1998, the Longs conveyed Lots 205 and 206 to appellees Charles and Marie Hoppe. The deed contained a clause that it was transferred "TOGETHER WITH all and singular, the buildings and improvements thereon and all the rights, ways,

---

2. The street address is 602 Lee Place.

3. The street address is 601 Wilson Place.

waters, easements and appurtenances thereunto belonging or in anywise appertaining[.]" It also referenced the September 11 deed from the Estate of Belva Oden to the Longs.

By deed dated November 14, 1986, the Estate of Belva Oden conveyed Lot 219 to Larry Oden. The deed contained no reference to the easement contained in the deed to Lots 205 and 206, the Estate of Belva Oden–Long deed. In a confirmatory deed dated August 19, 1988, Larry Oden conveyed Lot 219 to appellee Darryl Oden. The deed contained language that the property was conveyed "TOGETHER with the buildings and improvements thereon and all rights, ways, easements and appurtenances thereto belonging or in anywise pertaining" but did not contain any express reference to the easement.

As discussed above, Oden conveyed Lot 219 to appellants by deed dated January 30, 1998. The Oden–Beins deed stated that it was conveyed "SUBJECT, HOWEVER, to all covenants, conditions and restrictions of record." It further contained a clause that "Grantor hereby covenants that he will warrant specially the property herein conveyed and that [he] will execute such further assurances of the same as may be requisite."

After moving into their home, appellants discovered that two of their neighbors, Mr. and Mrs. Hoppe and Ms. Edyth Smith,[4] were using the right-of-way to access their respective properties. Appellee Oden was also using the right-of-way to access the rear of his property. Upon learning from appellants that they intended to build a fence around their backyard, essentially blocking access to the right-of-way, Ms. Smith filed suit. Citing the cost and time necessary to defend the suit, appellants agreed to build Ms. Smith a driveway on her own property provided she agree she had no right to drive through their property. Appellants were unable to obtain similar assurances from appellees and this suit followed.

---

4. Ms. Smith resides at 604 Lee Place.

On June 6, 2002, the Circuit Court for Frederick County heard oral arguments regarding appellees' Motion for Summary Judgment and appellants' Motion for Partial Summary Judgment. Appellees' motion requested "a Declaratory Judgment upholding and affirming the right of way traversing the Beins' Lee Place property . . . and otherwise dismissing with prejudice the Third Party Complaint." On July 8, 2002, the trial court issued an Opinion and Order granting appellees' Motion for Summary Judgment. The court found that appellants purchased their property with knowledge of the easement and were therefore bound by it despite the fact that it was not recorded in their direct chain of title.

## DISCUSSION

In granting the appellees' Motion for Summary Judgment the trial court made no findings regarding the remaining counts of the Complaint, to wit, Trespass (Count II), Breach of Warranty (Count III), and Intentional and/or Negligent Misrepresentation (Counts IV and V). Unless an appeal is permitted by certain exceptions not here pertinent, an appeal will lie only from a final judgment entered by a circuit court, *Courts and Judicial Proceedings Article*, § 12–301.

Maryland Rule § 2–602. provides, in part:

> (a) Generally. Except as provided in section (b) of this Rule, an order or other form of decision, however designated, that adjudicates fewer than all of the claims in an action (whether raised by original claim, counterclaim, cross-claim, or third-party claim), or that adjudicates less than an entire claim, or that adjudicates the rights and liabilities of fewer than all the parties to the action:
>
> (1) is not a final judgment; . . . .

In this case, the order granting judgment against the appellants did not constitute a "final judgment" because it adjudicated "the rights and liabilities of fewer than all the parties to

the action." Because no final judgment was entered in the subject case, and because no exception to the final judgment rule is here applicable, we have no jurisdiction to entertain this appeal.

To avoid needless delay in this case and for the guidance of the trial court, we make the following observations. Appellants argue that because the easement recited in the deed to Lots 205 and 206 was not recorded in the direct chain of title to their lot, Lot 219, the easement is not enforceable against them. Specifically, they argue that while the easement was recorded it was not "properly" recorded because it does not appear in the direct chain of title to their property.

As a preliminary matter, we note that for the purposes of the recording statute, Md.Code (1974, 2003 Rep. Vol.) § 3–101 *et. seq.* of the Real Property Article, an easement must be recorded among the land records of the county in which the land affected is located. It is undisputed that the easement in question appears in the land records of Frederick County. What is in dispute, however, is whether an easement not recorded within the chain of title to the servient estate is enforceable against a subsequent purchaser. For the following reasons, appellants are bound by the easement, despite its not being recorded in their direct chain of title.

## THE EASEMENT

The issue of the ramifications of the failure to record an encumbrance in the direct chain of title to a property was discussed by the Court of Appeals in *Lowes v. Carter,* 124 Md. 678, 93 A. 216 (1915). The Court held that the subsequent purchaser of the burdened property obtained title after the easement had become part of the public record and was therefore charged with implied notice of the existence of the easement and bound by it. *Id.* at 685–86, 93 A. 216. The practical effect of *Lowes* is that "in Maryland one is bound by every express encumbrance on his property which he could

have found in the records." *Steuart Transportation Company v. Ashe,* 269 Md. 74, 95, 304 A.2d 788 (1973) (quoting Roger D. Redden, *Equitable Enforcement of Implied Restrictions on the Use of Land,* 16 Md. L.Rev. 51, 59 (1956)). The Court in *Steuart* recognized that the rule that a person is bound by what could be found using the grantor-grantee index is a harsh one but is nevertheless "well established in this State." *Id.* at 96, 304 A.2d 788.

Appellants seek to distinguish their case by arguing that the easement must be "properly" recorded, not just recorded. They cite *Waicker v. Banegura,* 357 Md. 450, 745 A.2d 419 (2000), for the proposition that an improperly recorded encumbrance is not binding on subsequent purchasers of real property. *Waicker* involved a judgment lien that was recorded under the wrong name in the county indexes. The Court held that, "absent actual knowledge of the incorrect indexing by the subsequent party, a judgment indexed under an incorrect name or misnomer generally will not be enforceable as a lien against the property." *Waicker,* 357 Md. at 465, 745 A.2d 419. Appellants also cite *Williams v. Skyline Development Corp.,* 265 Md. 130, 164, 288 A.2d 333 (1972). In *Williams,* the Court of Appeals discussed the issue of notice of unrecorded encumbrances. The Court opined:

> "[I]n determining whether a purchaser had notice of any prior equities or unrecorded interests, so as to preclude him from being entitled to protection as a *bona fide* purchaser, the rule is that if he had knowledge of circumstances which ought to have put a person of ordinary prudence on inquiry, he will be presumed to have made such inquiry and will be charged with notice of all facts which such an investigation would in all probability have disclosed if it had been properly pursued."

*Id.* at 164, 288 A.2d 333 (quoting *Blondell v. Turover,* 195 Md. 251, 257, 72 A.2d 697 (1950)). The standard for determining what facts suffice to "excite inquiry" is "notice of facts which would lead an ordinarily prudent man to make an examina-

tion." *Williams*, 265 Md. at 165, 288 A.2d 333 (quoting *Hunter v. Baker*, 154 Md. 307, 331, 141 A. 368 (1928)).

We find appellants' reliance on *Waicker* unpersuasive. It is undisputed that the easement in question did, in fact, appear in the title abstract for Lot 219. Appellants employed an attorney who conducted the real estate closing. This attorney testified in his deposition that the deed conveying the easement appeared in the title abstract for appellants' property but that he failed to read the extract in its entirety and did not see the easement. Unlike in *Waicker*, where a search of the records failed to discover the encumbrance, here the easement did appear in the record. The purpose of the recording statute is to provide notice of encumbrances to interested parties. *See, e.g., Waicker*, 357 Md. at 463, 745 A.2d 419. That purpose was satisfied here. *Williams* is likewise of no help to appellants as it holds that a person will be charged with notice of all facts which an investigation would in all probability have disclosed if it had been properly pursued. Here, had appellants' attorney properly conducted the investigation the encumbrance would have been discovered.

For the foregoing reasons, the trial court properly granted appellees' Motion for Summary Judgement with regard to appellees Hoppes' right to use the driveway. The undisputed facts establish that an express easement benefiting Lots 205 and 206 and burdening Lot 219 was properly created by the Estate of Belva Oden in the September 11, 1986, deed. The deed having been recorded in the public records during the period of ownership by a predecessor in title, they are bound by the easement.

With regard to appellee Oden, however, there is nothing in the record to establish that he has a claim of right to use the easement by way of the deed to lots 205 and 206. The express language provided that the benefit of the easement ran to Lots 205 and 206. There is nothing in the deed purporting to grant the owner of Lot 220 a right to cross Lot 219. It is settled that "an easement appurtenant to a lot

cannot be used for the purpose and benefit of another lot to which no right is attached, even though such other lot be adjoining that to which the easement belongs." *Buckler v. Davis Sand and Gravel Corp.*, 221 Md. 532, 538, 158 A.2d 319 (1960) (citing *Albert v. Thomas*, 73 Md. 181, 20 A. 912 (1890)). Additionally, to the extent any part of the travel way is located within Lot 220, it is not included within the easement. Belva Oden could not encumber property she did not own. *Buckler v. Davis Sand and Gravel Corp.*, 221 Md. at 538, 158 A.2d 319 (citing *Hales v. Atlantic Coast Line R. Co.*, 172 N.C. 104, 90 S.E. 11 (1916)).

**APPEAL DISMISSED.**

**COSTS TO BE PAID BY APPELLANTS.**